## DAVID PAYSON *versus* MARK WHITCOMB *et al.*

In an action against the maker of a promissory note given in consideration of the assignment of a mortgage, which mortgage was duly recorded, the defendant cannot give in evidence the fact that the mortgage was fraudulent and therefore void as against creditors and subsequent purchasers, since if he was a *bonâ fide* assignee without notice of the fraud, his title under the assignment is valid, and if he knew of the fraud, then he must be considered as having waived any objection on account of the defect in the assignor's title.

A promissory note given on condition that the payee would assign to the maker a mortgage of land, is admissible in evidence under a count for money had and received, the condition having been performed.

Where all the counts in a declaration are for the same cause of action, but some of them are defective, and a general verdict is rendered for the plaintiff, the verdict may be applied to one of the good counts.

In an action on a promissory note payable at a time and place certain, it is not necessary for the plaintiff to aver and prove a presentment at such time and place ; and it is incumbent on the defendant to show, by way of defence, that he was ready to pay at such time and place.

ASSUMPSIT on a promissory note, dated at Winchendon, October 17, 1827, by which, for value received, the defendants promise to pay the plaintiff or order $207, in six months, with interest, in Boston. The note was expressed to be on the same conditions as those of another note referred to.

The declaration contained a count for money had and received ; also four special counts on the note, averring that the defendants, by their note under their hands, for value received, promised the plaintiff to pay him or his order the sum &c.

At the trial, before *Shaw* C. J., the defendants proposed to show that the note in question and two other notes, amounting in the whole to about $600, were given by the defendants to the plaintiff in consideration of the assignment by him to Mark Whitcomb, of a mortgage of land, dated January 17, 1810, and recorded on January 18th, from Amos Goodhue to the plaintiff, as security for the payment of a note for $800. There was evidence, that Whitcomb agreed to give the sum for which the three notes were made, for the plaintiff's interest in the mortgaged premises ; that a quitclaim deed of the premises, executed by the plaintiff, was delivered by one Page, as the plaintiff's agent, to Whitcomb ; and that a condition was inserted in the notes, that an assignment should be

made by the plaintiff; and that a registry copy of the mortgage deed was forwarded by Whitcomb to the plaintiff, with an assignment thereon prepared for his signature, which was executed by him and returned to Whitcomb. The defendants offered evidence tending to prove that the mortgage was, in part at least, a voluntary conveyance, and so was fraudulent and void, as to creditors and subsequent *bonâ fide* purchasers, and that Goodhue afterwards, in 1816, and before the agreement was made upon which the note in question was given, mortgaged the same premises *bonâ fide* to one Hale. There was no evidence that Hale had entered under the mortgage to him, or that Whitcomb had any notice of this mortgage, at the time of making the agreement, except that the mortgage deed to Hale was put upon record in 1816.

The chief justice rejected this evidence, on the ground that the title of the plaintiff was apparently good ; that it was in fact good against the grantor and his heirs, and could only be defeated by a creditor or purchaser, whilst it remained in the fraudulent mortgagee or some one claiming under him, with notice of the fraud ; that if Whitcomb, at the time of the agreement with Page for the assignment of the mortgage, had notice that it was made for a larger amount than was actually due, and was therefore void as against creditors, still from the lapse of time or other causes, he might have supposed that no claim would ever be asserted on that ground ; that if for this or any other cause he was willing to take the assignment, with notice of the defect, then he waived all objection upon that ground, by giving the notes after such notice ; that if he had no notice, then he would stand in the condition of an innocent purchaser without notice, and the fraud could not be set up, even by a creditor or purchaser, to defeat his title ; and that therefore, the facts, if proved, would form no ground of defence to this action.

The jury returned a verdict for the plaintiff.

The defendants moved for a new trial, because the evidence tending to show the failure of the consideration of the note, was rejected.

If the Court should be of opinion that a new trial ought not to be granted, then the defendants moved in arrest of judg-

ment : 1. Because the verdict was general upon all the counts, and in three of the counts a certain writing called a note is set forth, but which is upon a condition and is not a negotiable promissory note, and no consideration for the undertaking of the defendant is alleged in such manner as is by law required : 2. Because in these three counts, the writing called a note is alleged to be made payable in Boston, but there is no allegation of any presentment in Boston.

*March 10th.*    *Rand* and *Fiske*, for the defendants.   The mortgage made to Hale was not known to Whitcomb at the time when he gave the notes, notwithstanding it was upon record ; it was large enough to cover the whole value of the land, and being *bonâ fide*, it took precedence of the mortgage to the plaintiff ; consequently the consideration of the notes failed.   Hale stands in the same position as if he had attached the land as a creditor of the original owner ; in such case a subsequent assignment by the fraudulent grantee to a *bonâ fide* purchaser would not overreach the attachment.

The writing on which this action is brought, is a conditional contract, not a negotiable promissory note ; and the consideration is not set forth in the special counts in such manner as is by law required, unless the words, " for value received," are sufficient, after verdict.   On general demurrer, it is clear they would not be. *Blanckenhagen* v. *Blundell*, 2 Barn. & Ald. 417 ; *Hill* v. *Halford*, 2 Bos. & Pul. 413 ; *Coolidge* v. *Ruggles*, 15 Mass. R. 387 ; *Hartley* v. *Wilkinson*, 2 Maule & Selw. 25 ; *S. C.* 4 Campb. 127 ; *Whitaker* v. *Smith*, 4 Pick. 83 ; *Hemmenway* v. *Hickes*, 4 Pick. 497 ; *More* v. *Lewis*, 1 Ventr. 27.

The second objection stated in the motion in arrest of judgment is fatal. *Rowe* v. *Young*, 2 Brod. & Bing. 165, and cases cited ; Bayley on Bills, (5th ed.) 398 ; Gould on Pl. *c.* 10, § 13, 25.

If any of the counts are bad, judgment must be arrested. *Holt* v. *Scolefield*, 6 T. R. 691 ; *Cook* v. *Cox*, 3 Maule & Selw. 110.

We contend further, that all the special counts are insufficient, and that the note is not admissible n evidence under the count for money had and received, it being a contract

upon a condition which shows that no money nor any thing that could be considered as money, had been received by the defendant.

*Bartlett,* for the plaintiff. The instructions to the jury were correct. If the defendant did not know of the fraud, he was an innocent purchaser, for the recording of Hale's mortgage was not notice to the defendant that Hale meant to set it up against a prior mortgage.

The words " *for value received* " are a sufficient allegation of the consideration, even on demurrer ; *Bishop* v. *Young,* 2 Bos & Pul. 78 ; *Priddy* v. *Henbrey,* 1 Barn. & Cressw. 674 ; *Raborg* v. *Peyton,* 2 Wheat. 385. If however they are insufficient, the defect is cured by the verdict. *Jones* v. *Ashburnham,* 4 East, 465 ; *Ward* v. *Harris,* 2 Bos. & Pul. 265 ; *East* v. *Essington,* 1 Salk. 130 ; 1 Chit. Pl. 298.

As to the second objection in the motion in arrest, no allegation of presentment is necessary, where the note is payable at a time and place certain. *Carley* v. *Vance,* 17 Mass. R. 389 ; *Ruggles* v. *Patten,* 8 Mass. R. 480 ; *Wolcott* v. *Van Santvoord,* 17 Johns. R. 389 ; *Caldwell* v. *Cassidy,* 8 Cowen, 271 ; *Bank of the United States* v. *Smith,* 11 Wheat. 171.

If, however, some of the counts are defective, the plaintiff will be allowed to apply the verdict to a good count, they being all for the same demand. *Barnard* v. *Whiting,* 7 Mass. R. 358 ; *Clark* v. *Lamb,* 8 Pick. 415.

Wilde J. delivered the opinion of the Court. The defendant moves for a new trial, and also in arrest of judgment ; but it does not appear to us that there is any sufficient ground on which either of these motions can be sustained. The instructions to the jury were clearly correct.

*March 17th,*

In support of the motion in arrest it is objected, that the special counts are insufficient, and that the evidence does not support the count for money had and received. We are, however, of opinion, that the count for money had and received is well sustained by the evidence, and that the plaintiff is entitled to judgment on that count. As all the counts are for the same demand, the verdict, though general, may be applied to the good count.

The objection, that no money has been received by the

Payson
v.
Whitcomb.

defendant, and therefore an action for money had and received will not lie, cannot be maintained. It is sufficient that the defendant has received money's worth, and that at tne time the action was commenced, he was indebted to the plaintiff in the sum claimed, which was then due and payable in money. For there can be no doubt, as Chief Justice *Sewall* remarks, in the case of *Young* v. *Adams*, 6 Mass. R. 189, that for a sum of money, which has become due upon a promissory note or bill, an action against the promisor, for money received to the use of the promisee in the note or bill, may be maintained. So an indorsee of a promissory note payable to order, or the bearer of a note payable to bearer, may maintain an action in the same form against the maker. *Grant* v. *Vaughan*, 3 Burr. 1516; *Dimsdale* v. *Lanchester*, 4 Esp. R. 201. It is immaterial what is the consideration of the note, if it is a valid security for a debt due payable in money. This is now a familiar principle. The cases of *Dutch* v. *Warren*, 2 Burr. 1011, *Randall* v. *Rich*, 11 Mass. R. 494, and *Floyd* v. *Day*, 3 Mass. R. 403, establish the same general principle.

But it has been argued, that as the note was payable at a place certain, it was necessary for the plaintiff to prove a demand of payment at that place. Whatever may be considered the law in England on this point, it has been settled in this Commonwealth, that no such demand is necessary. The question was fully discussed and considered in *Carley* v. *Vance*, 17 Mass. R. 389. It was incumbent on the defendant to show, by way of defence, that he was ready to pay at the time and place specified in the note.

*Judgment on the verdict on the count for money had and received*