IVORY LITTLEFIELD and another *vs.* VASSAL D. PINKHAM.

Piscataquis.    Opinion June 4, 1881.

*Stat. 1874, c. 235.   Pleadings.   Declaration.   Demurrer.   Waiver.   U. S. Rev. Sts. § 3963.*

Where the assignment, or copy, is not filed with the writ when an action is brought by the assignee in his own name as provided by stat. 1874, c. 235, the objection to such omission must be seasonably taken by motion or plea in abatement; and where a motion to dismiss for such cause was not filed until the second term; *Held,* that the defendant had waived the objections.

Where a declaration alleges that the consideration for the contract upon which suit was brought, was an assignment of a contract with the government for

transporting the United States mail, it will be held bad on demurrer, as such an assignment is declared null and void by express provision.   U. S. Rev. Sts. § 3963.

ON REPORT.

The opinion states the case.

(Declaration.)

"For that William A. Frye, of Newport, in the county of Penobscot, in the State of Maine, on the first day of May, A. D. 1873, was contractor and was interested as sole contractor in a certain contract or contracts, between himself and the United States of America, to wit, a contract or contracts to carry the United States mails, on mail route, number nineteen, from South Windham to Warren in the State of Maine, and on mail route, number one hundred and twenty-one, to carry the United States mail from Gardiner to New Castle, in the State of Maine, and then had the right to carry said mails according to said contract or contracts before then made between him, said Frye, and the United States, and in accordance with all orders, directions and regulations then existing, or thereafter to be made on the part of the United States, said contract or contracts, being then in full force, and to terminate in any event on July 1, A. D. 1877, and the said Frye was then and there entitled to all the pay and compensation which should arise out of said contract or contracts, and the proper performance of the same.   Vassal D. Pinkham, then of said Augusta, being desirous of purchasing and receiving of said Frye all his, said Frye's, rights in said contract or contracts with the United States to receive from the United States the full compensation allowed, or to be allowed, by the United States for the transportation of said mails on and over said mail routes, numbers nineteen and one hundred and twenty-one, according to said contract or contracts, and orders, directions and regulations as aforesaid, for his, said Pinkham's, own use and benefit, on said first day of May, A. D. 1873, at said Augusta, in consideration that the said Frye then and there at the special instance and request of said Pinkham, had so sold, assigned and transferred all his, said Frye's, interest in said mail contract or contracts of himself with the United States, that the said Pink-

ham then and there instantly, thereby and by proper power of attorney, then and there made, executed and delivered by said Frye to said Pinkham, became entitled to receive all such pay and compensation, as aforesaid, from the United States, and for divers other valuable consideration by said Frye, then and there made and delivered by said Frye to said Pinkham by his, said Pinkham's, certain instrument, to wit, promise in writing of that date, signed by said Pinkham and delivered by said Pinkham to said Frye, then and there promised to said Frye, that he the said Pinkham would carry said United States mail on said mail routes, according to said contract or contracts, between said Frye and the United States, and in accordance with all orders, directions and regulations then existing or thereafter to be made on the part of the United States, and in all things to do and perform whatever would he required of said Frye by the United States concerning the conveyance of said mails, over said routes, numbers nineteen and one hundred and twenty-one, as aforesaid, and hold and save Frye harmless and free of expense in every way concerning the fulfillment of said contract or contracts, orders, directions and regulations, it being understood by said written promise that said mail contract or contracts, in any event would terminate on the first day of July, A. D. 1877, and to pay said Frye the sum of eight hundred dollars, in four years, in equal quarterly payments of fifty dollars each, on the first days of January, April, July and October in each of the years then next following, during the continuance of said contract or contracts, commencing on the first day of October, A. D. 1873, when the first payment was due, whereupon the said Pinkham then and there at the same time and place of making said contract by the said assignment of said contracts to carry the United States mails as aforesaid, entered thereupon and by virtue of said assignment and power of attorney as a part of said assignment from said Frye to said Pinkham, made and delivered, as aforesaid, as a part of said assignment, said Pinkham became entitled to all said compensation, pay and emoluments arising and to arise from said mail contracts, but said Pinkham not minding his said promise and contract, has utterly failed to pay and refuses to pay the last

of said quarterly payments, being the sum of fifty dollars which became due on the first day of July, A. D. 1877, although the same was duly demanded of the said Pinkham, at said Augusta, on the twenty-third day of July, A. D. 1877. Now, therefore, by reason of said contracts and the breach thereof, as aforesaid, the said defendant became liable to pay said sum of fifty dollars, being said last quarterly payment, then and there promised said William A. Frye to pay him the same with lawful interest from said 23d day of July, A. D. 1877, and the said William A. Frye on the 28th day of December, A. D. 1875, by his written assignment of that date, in consideration of three hundred and fifty dollars, to him paid by the plaintiffs, sold, transferred and assigned to the plaintiffs the said bond or obligation of which the defendant has had due notice, whereby the said defendant became liable, and in consideration thereof, promised the plaintiffs to pay them the same on demand. And the plaintiffs aver that since the date of said assignment, said defendant has paid only a part of the sum due on said bond or obligation, to wit, the sum of three hundred dollars, and that there now remains due the plaintiffs, the said sum of fifty dollars, being the last quarterly payment with lawful interest from said 23d of July, A. D. 1877."

*J. F. Sprague* with *Lebroke and Parsons*, for the plaintiffs.

*D. D. Stewart*, for the defendant.

VIRGIN, J.    Prior to May 1, 1873, one Frye contracted with the United States to carry the mail over mail routes, nineteen and one hundred and twenty-one, for the term of four years, ending July 1, 1877. On the day first mentioned, the defendant contracted in writing with Frye to carry the mail over the same routes, for the same period; save the latter harmless from his mail contract; pay him eight hundred dollars in four years in equal quarterly payments of fifty dollars each; and was to receive therefor the full compensation allowed by the United States to said Frye.

On December 28, 1875, Frye, in consideration of three hundred and fifty dollars, by his written assignment, transferred and assigned the written contract of the defendant, to the plaintiffs,

who received all the instalments, except that of the last quarter; which the defendant refused to pay, And on August 11, 1879, the plaintiffs brought this action upon the defendant's contract, in their own name, to recover the sum due. The action was duly entered at the following September term, but neither the assignment nor a copy thereof was filed with the writ.

At the second term, when the action came on for trial and after the plaintiff had read his writ, the defendant submitted a written motion to dismiss the action upon the ground that the assignment or a copy thereof was not filed with the writ; which motion was overruled. The plaintiffs' counsel then offered to file a copy of the assignment, which is to be considered as done if competent. The defendant thereupon filed a general demurrer to the declaration which was joined, and the case was thereupon reported to this court, "who are to consider the motion and the effect of it the same as if no ruling had been made," and are to order the proper judgment on the whole case.

It is contended that the motion should be sustained by reason of the provisions of stat. 1874, c. 235, and of Rule II, of the general rules of this court.

Statute 1874, c. 235, provides that an assignee of a chose in action not negotiable, assigned in writing, may bring and maintain an action thereon in his own name; and that he "shall file with his writ the assignment or a copy thereof." Rule II, provides: "No civil action shall be entered after the first day of the term, unless by consent of the adverse party and by leave of court; or unless the court shall allow the same upon proof that the entry was prevented by inevitable accident, or other sufficient causes. . . Writs are to be filed before entry of the action and are to remain on file."

Admitting the contract of the defendant declared on to be valid, the declaration shows every fact that is essential to the plaintiffs' right to maintain the action in their own name. *Wood* v. *Decoster*, 66 Maine, 542. And the motion finds no fault with the writ or declaration, but seeks to prevent the recovery of a judgment against the defendant, on a good cause of action properly counted on, on the ground of the plaintiffs' omission to

seasonably file a paper declared on, and which had been duly and seasonably executed, and was then in court and placed on file when the motion was submitted. The motion, therefore, does not go to the merits of the action but to matter in abatement.

The learned counsel of the defendant urges that the provision of the statute requiring the filing of the assignment was enacted for the benefit of the defendant, that "he may be apprised at the earliest moment of the nature of the claim," etc. But he gains that information from the declaration the same as if he were sued on his promissory note by an indorsee, or on his mortgage by an assignee thereof. Moreover, admitting the object of the provision to be as claimed, a complete answer is found in the useful and highly reasonable principle on which the doctrine of waiver is founded, and which is so extensively applied. "For whilst," says SHAW, C. J. "the law protects the right of parties, even in minute and unimportant matters, it requires diligence and good faith in taking advantage of its rules to accomplish those ends and not to work injustice." *Simonds* v. *Parker*, 1 Metc. 508, 511. And "if a party," continues the same authority, "takes no notice of any matter of exception to the form or service of the process, in an early stage of the proceedings, it affords a a reasonable ground to conclude that he considers them of no importance, and is willing to proceed to the trial of his rights upon the substantial merits of the controversy." And the rule relating to matters in abatement is based upon this principle and holds parties to its reasonable requirements.

This finds illustration in numerous classes of cases. Thus R. S., c. 81, § 6, provides that "every original writ, etc., "shall, before entry in court, be indorsed by some sufficient inhabitant of the State, when the plaintiff is not an inhabitant thereof." And notwithstanding this imperative language, the court in Massachusetts, long before the separation said : "The provision was made for the benefit of the defendant, which, if he pleased, he might waive ; and if at the return term he does not except to the want of an indorser either by plea or motion, he must be considered as having waived the security provided for his benefit." *Whiting* v. *Hollister*, 2 Mass. 102. Such has been the ruling

in this State ever since. *Archer* v. *Noble*, 3 Maine, 418; *Stevens* v. *Getchell*, 11 Maine, 443; *Smith* v. *Davis*, 38 Maine, 459.

Again, R. S., c. 96, § 10, provides that "the officer, before serving a writ of replevin, shall take from the plaintiff, or some one in his behalf, a bond to the defendant, with sufficient sureties, in double the value of the goods to be replevied," etc. And yet this court has frequently decided that this provision was made for the benefit of the defendant and that he may waive it. So that if the bond is defective in having only one surety when the statute requires two, the defendant will waive the defect unless he takes advantage of it by motion or plea in abatement. *Johnson* v. *Richards*, 11 Maine, 49; *Greely* v. *Currier*, 39 Maine, 516. And if the bond be not "in double the value of the goods to be replevied" the defect must be pleaded in abatement, although the defendant did not know the fact until the trial. *Douglass* v. *Gardner*, 63 Maine, 462.

The rule requires writs to be filed when entered, and allows entries to be made after the first day "for sufficient causes," that is, at the discretion of the court. Then comes the statutes requiring the filing of the assignment "with the writ." If in this case, the plaintiff had omitted to enter his action and file his writ the first day, the court would have allowed him to enter it afterward; and then by the letter of the statute he could have filed his assignment. The question of filing the assignment not having been raised by motion or plea in abatement, we think the court could allow the subsequent filing the same as it allows writs to be indorsed under similar circumstances.

But the defendant contends that *Prescott* v. *Hobbs*, 30 Maine, 345, is decisive of this case in his favor. We think otherwise. As at common law, a breach of the covenant of seizin of one not seized is broken when made, the right of action thereon does not pass to the assignee of the covenantor's grantee; and hence the assignee cannot maintain an action thereon in his own name at common law. But to "avoid circuity of action," (*Trask* v. *Wilder*, 50 Maine, 453,) the legislature changed the common law conditionally, by providing in substance that the assignee of

the covenantor's grantee, might, upon eviction, maintain such action in his own name, "upon filing at the first term in court for the use of his grantor, a release of the covenants of his deed and of all causes of action thereon." R. S., c. 82, § 15. The release in such case is not for the benefit of the defendant but for the "use of the defendant's grantee." Hence the principle of waiver, as in cases of want of an indorser of a writ, or of defective replevin bond cannot apply; and the case of *Prescott* v. *Hobbs*, is not applicable in principle to the case at bar. Our opinion therefore is that the defendant waived the objection to the plaintiffs' omission to file the assignment or a copy thereof with this writ; and that the presiding justice, in the absence of any seasonable motion or plea in abatement, had discretionary power to allow the subsequent filing.

But the defendant demurred to the declaration, thereby admitting all the facts therein properly alleged. Among those are the allegations that Frye, on May 1, 1873, was sole contractor with the United States for carrying the mail on routes nineteen and one hundred and twenty-one for four years ending July 1, 1877; and that in consideration Frye had sold, transferred and assigned all his interest in the contract with the United States, the defendant had made to Frye, the contract declared on.

The contract declared on, therefore, if the declaration be true, was given in consideration of Frye's assignment of his contract as contractor for transporting the United States mail; and such assignment is declared null and void by the express provision of United States, Rev. Sts., § 3963.

> *Demurrer sustained. Declaration bad. Plaintiffs may amend on such terms as shall be fixed at nisi prius.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.