BROWN v. SPIEGEL.

1. ATTORNEY AND CLIENT — AUTHORITY OF ATTORNEY TO BIND CLIENT—STIPULATIONS—EFFECT.

In an action upon promissory notes, plaintiff's attorney having attached property of defendant, upon an application to dissolve the same, it was stipulated by the respective attorneys that said attachment should be dissolved and held for naught; that defendant might set off and deduct from plaintiff's claim all damages and costs to which he was entitled by reason of said attachment and levy under it, the same to be assessed upon the trial; and that defendant might amend his pleadings so as to make the said defense. *Held*, that the refusal of the trial court to allow proof of such damages was error; since, under the general power of attorneys to bind the client by all acts necessary or incidental to the prosecution or management of a suit which affect the remedy only, and not the cause of action, such stipulation, made with full knowledge of all the facts, permitted an amendment to the pleadings allowing a defense to be set up which would not otherwise be available, is not opposed to public policy, and avoided a multiplicity of suits.

2. BILLS AND NOTES — GUARANTY — NOTICE OF ACCEPTANCE — NECESSITY.

A debtor made an offer that if the creditor would accept certain notes of third persons, indorsed to him, and credit him on the amount of the debt and draw on him for the balance, he, having indorsed said notes, would guarantee their payment. *Held*, that the creditor not having notified the debtor of the acceptance of the offer, he was not bound as guarantor of said notes.

3. SAME—ACTIONS—PLEADINGS—SET-OFF AND RECOUPMENT.

Where, in an action upon promissory notes, it appeared from the evidence and a stipulation that plaintiff received certain notes of third persons not then due, indorsed to defendant, and by defendant indorsed to plaintiff, and that plaintiff kept the notes and did not present or protest them when they became due, defendant was entitled to set off the amount unpaid on said notes against the amount owing to plaintiff.

Error to Saginaw; Gage (William G.), J.   Submitted

January 21, 1909. (Docket No. 67.) Decided March 30, 1909.

Assumpsit by Harry R. Brown against Frederick F. Spiegel upon certain promissory notes. There was judgment for plaintiff, and defendant brings error. Reversed.

*Crane & Crane* and *A. E. Snow*, for appellant.

*Charles W. Cheeney*, for appellee.

McALVAY, J. Plaintiff commenced suit by writ of attachment, under which a levy was made upon a large amount of personal and real estate belonging to defendant. The suit was brought to recover the amount due on two certain promissory notes given by defendant to plaintiff July 12 and September 10, 1904. On November 21, 1904, after these notes were given, defendant sent plaintiff a letter, inclosing certain notes made and executed by various parties to one J. T. Davis, which were by Davis indorsed to defendant, and by defendant indorsed to plaintiff. These notes were received and kept by plaintiff, and some collections made by him from the makers, which were credited on defendant's notes in suit. These Davis notes were not protested when due, but were kept by plaintiff without notice to defendant, and are still retained by him after judgment. At the time of the trial the balance due on these Davis notes amounted to $197.77. After the attachment levy was made, steps were taken by defendant to dissolve the same and release the property. On the day for hearing such application the following stipulation in writing was made and signed by the attorneys for plaintiff and defendant, omitting the entitling of court and cause:

"In said court and cause stipulated that the attachment in said cause is dissolved and held for naught, and that defendant may set off and deduct from plaintiff's claim all damage and costs to which he is entitled by rea-

son of said attachment, and levy under it, same to be assessed upon the trial of said cause. Defendant may amend his pleadings so as to make the said defense."

Defendant had already pleaded the general issue, and given notice that he would claim, under the facts specifically stated, to set off the amount of the Davis notes. After the stipulation the notice was amended as therein agreed, claiming for all damages, expenses, and costs, particularly itemized, which he had expended and suffered by reason of said attachment and the levy made under it, waiving the tort, if any, and claiming to recover in assumpsit. Another stipulation in writing was made in this case by the attorneys for the parties, as follows:

"In said court and cause stipulated: *First.* That the execution of the notes declared upon is admitted by defendant, and no payment made thereon except such as may be indorsed upon them by plaintiff. *Second.* Admitted the notes mentioned in defendant's plea and notice were not protested by plaintiff, neither was any notice sent by him to indorsers or any one of them concerning same."

Upon the trial defendant, under the first stipulation and the amended pleading, offered evidence to show the amount of his damages suffered by reason of the attachment and levy under it. Plaintiff's attorney objected, repudiating the stipulation, except as to costs, claiming that it was made by him without authority, and not binding upon plaintiff. No evidence appears in the record to show that fact. The court sustained the objection, and an exception was taken. Defendant also offered evidence under his notice to show that he was entitled to set off the amount of the balance of the Davis notes unpaid, to show that the plaintiff received the notes before maturity, and has held them ever since, having taken no steps to hold the indorsers, and gave no notice to any of them. An objection by plaintiff was sustained on the ground that defendant had guaranteed the notes, and an exception taken. The court then charged the jury in accord-

ance with these rulings, and instructed a verdict for plaintiff for $502.03, the amount of the balance due on the notes sued upon, less $61; the costs in the attachment suit being $441.03. Such verdict was taken, and a judgment entered for that amount. Upon a writ of error the case is before us for review. Errors are assigned upon the rulings of the court above stated. . If the court was correct upon these two rulings, the judgment must stand, as other errors assigned are either immaterial or depend upon those to be considered.

1. The stipulation relative to the dissolution of the attachment on its face warrants the construction defendant claims for it. It was doubtless made, as appears from statements of counsel in the record, after a discussion of the situation, and indicates an abandonment of the attachment, and an acknowledgment that, by reason of the attachment and the levy under it, defendant had suffered damages, and provided " that defendant may *set off and deduct from plaintiff's claim all damage and costs to which he is entitled by reason of said attachment and levy under it, same to be assessed upon the trial of said cause. Defendant may amend his pleadings so as to make defense.*" From this stipulation the plain intent of the parties to include and dispose of in this one suit all their differences appertaining thereto and which had arisen therefrom is apparent. Plaintiff's attorney of record instituted this suit by attachment, which was levied upon defendant's personal and real estate, by means of which defendant was damaged. The stipulation provided that the attachment be dissolved, and that all such damages and costs to which defendant should prove himself entitled might be set off and deducted from plaintiff's claim in this suit, and that the pleadings might be amended to permit such defense. This in no way affected plaintiff's right of action. It was a stipulation for an amendment of the pleadings and allowing a defense to be set up which would not be otherwise permissible. *Floyd* v. *Mann,* 146 Mich. 358; *Henderson* v. *Merritt,* 38 Ga. 232.

A general authority to commence suits will warrant an attorney in attaching property, and render the client responsible for any damages. Weeks on Attorneys (2d Ed.), § 217; *Fairbanks* v. *Stanley*, 18 Me. 296; *Kirksey* v. *Jones*, 7 Ala. 622. Defendant's claim was something incidental to, and arising out of, this attachment suit, and would not have arisen but for the levy made. The stipulation did not deprive plaintiff of any right. It simply admitted defendant's claim to be prosecuted and defended against as a set-off in the case in the prosecution of which it had originated. This stipulation comes within the general rule that the attorney has power, without express authority, to bind his client by all acts necessary or incidental to the prosecution or management of the suit which affect the remedy only, and not the cause of action. 20 Enc. Pl. & Prac. pp. 645, 646. In *Floyd* v. *Mann*, supra, the stipulation was very similar to the one under discussion. The contention was "that this stipulation should be construed to mean that this right to set off the claim mentioned was to be qualified by an implied proviso that there was a proper pleading to justify it." The court said:

"We are of the opinion that this stipulation was broad enough to permit the defendant to make a counterclaim of this item, although not otherwise admissible as a defense under any plea and notice that could be devised; it being the plain intent of the plaintiff to consent to the settlement of their differences in this one suit."

In the case at bar the stipulation covers the question of pleadings, but it is evident in this case that no plea or notice could be devised which in the absence of the stipulation would make the proof of unliquidated damages admissible. The sufficiency of the stipulation in *Floyd* v. *Mann* was sustained. The question of the authority to make the stipulation was not raised or discussed. As bearing upon the question of sustaining stipulations of attorneys within the rule already stated, is the fact that the defendant relied in good faith upon it, and that his first knowledge of its repudiation, as far as appears, was upon

the trial. He may have lost the opportunity of personal service upon this nonresident plaintiff, and property subject to execution may have been removed from the jurisdiction. These were all material matters for his attorney to consider at the time of making the stipulation. Our conclusion is that stipulation was within the power of plaintiff's attorney to make, and is binding upon plaintiff. It was not the result of any mistake. It was made with full knowledge of all the facts. It was not against public policy, and it avoided a multiplicity of suits. The court was in error in refusing to allow proof of the damages defendant offered to show under the stipulation.

2. The claim that a guaranty of the Davis notes was made by defendant is based upon a letter written by him to plaintiff when the notes were forwarded. The letter is dated November 21, 1904. The material portions read as follows:

"*Dear Sir:* * * * I have tried to make a raise for you but couldn't as the bank here has had a run on it, but passed out all right. It makes money tighter than it was before. As I certainly want to pay you or anyone else every cent I owe, I inclose you four notes which I took for lumber, and they are perfectly good, as this J. T. Davis is a hay buyer here, and I know him to be perfectly good; besides the maker is a good farmer. I wish you would figure up the notes and then figure these up, allowing you interest until due and draw draft upon me for the balance and I will pay at once. I do hate to put you off with these long time notes, but money is simply scarce here. * * * I have indorsed the notes, and I will therefore guarantee the payment of the same.

"Respectfully yours,
"F. F. SPIEGEL.
"The notes are $42.50, $125.00, $17.68, and $59.50."

Reading this letter as a whole, the proposition of defendant to plaintiff is that if plaintiff will take these notes at an amount which will allow him interest, and give defendant credit on his notes for that amount, and draw on him for the balance, he will guarantee the payment of the same, having indorsed them. Plaintiff did not accept the

Davis notes, and gave defendant credit for them, and draw for the balance, nor did he notify defendant that he accepted the guaranty. The proposition made in the letter was an offer which required acceptance, without which defendant cannot be held as guarantor. Without accepting and crediting these notes to defendant, there could be no consideration for the guaranty. A sufficient legal consideration is essential to a valid guaranty. 20 Cyc. p. 1413, and cases cited. Where the writing is not a perfect and conclusive guaranty, but only an offer to guarantee, notice of its acceptance is necessary. 1 Brandt on Suretyship & Guaranty (3d Ed.), § 210, note 5, and cases cited. If the offer made is a proposition to guarantee, as in the case at bar, requiring the guarantee to perform as requested, and is not accepted, the relation of guarantor and guarantee never was created, because no contract was ever completed. The rule is universal in this class of cases that notice of acceptance is necessary. *Gardner* v. *Lloyd*, 110 Pa. 278; *Acme Manfg. Co.* v. *Reed*, 197 Pa. 359; *Davis Sewing Machine Co.* v. *Richards*, 115 U. S. 524; 14 Am. & Eng. Enc. Law (2d Ed.), p. 1147, and cases cited. Plaintiff is not bringing suit upon the claimed guaranty of defendant. The situation is that defendant is asking that the amounts of the Davis notes shall be set off in this suit for the reason that the notes were not protested, and that he was never notified of the default in payment; that Davis at that time was financially responsible, and the notes were collectible; that by the admissions in the stipulation as to these notes in this case he is entitled to credit for the amount claimed. We agree with this contention. It became the duty of plaintiff, not having accepted defendant's proposition to credit these notes and take his guaranty, to present and protest these notes when they became due, thereby notifying defendant, who was an indorser thereon, of the default, and the intention to hold him. This letter cannot be construed as putting these notes into the hands of plaintiff as collateral security to the notes he held against defendant.

Defendant is entitled to off set these notes against plaintiff's claim for the amount of the balance thereof. The court was in error in refusing to allow him such set-off.

For the errors pointed out, the judgment is reversed and a new trial ordered.

BLAIR, C. J., and GRANT, MONTGOMERY, and MOORE, JJ., concurred.