## BROWN v. SPIEGEL.

1. ATTACHMENT—EVIDENCE—DAMAGES—GOOD FAITH.
   Upon an issue framed by stipulation of the parties in an attachment proceeding as to the amount of damages caused by the wrongful levy of the writ to be deducted from the plaintiff's claim in the action, evidence offered to show plaintiff's good or bad faith in issuing the writ was immaterial.

2. SAME—DAMAGES—MEASURE—MARKET PRICE.
   Defendant was entitled to recover as his damages the difference between the highest market value of the goods while they were retained under the levy and their value at the time the writ was dissolved.

Error to Saginaw; Gage, J. Submitted November 10, 1911. (Docket No. 173.) Decided December 8, 1911.

Assumpsit by Harry R. Brown against Frederick F. Spiegel on two promissory notes. Plaintiff caused an attachment to be levied on certain property of defendant: On motion to dissolve, the property was released, and by stipulation of the respective attorneys defendant was authorized to have deducted from plaintiff's claim all damages and costs to which he might be entitled because of the wrongful levy. Judgment for defendant. Plaintiff brings error. Affirmed.

*Charles W. Cheeney*, for appellant.

*Crane & Crane*, for appellee.

OSTRANDER, C. J. It was agreed by counsel that upon the two notes sued upon there was due to plaintiff $310.50. The only issue of fact arose over the claim of defendant that he had been damaged by the wrongful suing out of a writ of attachment and the levying of the writ upon certain real and personal estate. This defense was made

pursuant to a stipulation of counsel, entered into upon the dissolution of the attachment. The right of defendant to make this counterclaim, under this stipulation, was affirmed by this court after a former trial of this cause. 156 Mich. 138 (120 N. W. 579). The trial court ruled that defendant could not recover any damages on account of the levying of the attachment upon his real estate. The question, and the only question, submitted to the jury, was whether he had suffered any damages because of the levying of the attachment upon the personal property, which consisted of 1,150 bushels of potatoes in storage. Defendant offered testimony tending to show that damage resulted from the levy, and all the testimony so offered was admitted without objection. Plaintiff offered some testimony tending to prove that the potatoes were not worth as much as defendant said that they were worth. The jury returned a verdict of no cause of action under an instruction to the effect that if they found the damages equaled or exceeded the amount agreed to be due upon the notes they should return such a verdict.

The attachment having been dissolved before a hearing of the motion to dissolve it, the right to make the counterclaim for any damages resulting from the levying of the writ having been agreed to by counsel, the only question was, as has been stated, how much such damages amounted to. It was wholly immaterial whether the attachment was or was not properly sued out, or whether the plaintiff in attachment had, or supposed he had, any reason or cause for suing out the writ, and all the testimony offered to show that there was, and that there was not, such just cause (and there is considerable of it in the record), was wholly immaterial. But so far as such testimony was offered on the part of the defendant, no objection was made to it, and consequently there was no reversible error committed in admitting it. Nor was there any reversible error committed in excluding testimony on the cross-examination of the defendant tending to show reasonable or probable cause for suing out the writ.

With this ruling we dispose of all of the assignments of error except those relating to the charge of the court. As to that, it is said in the main brief for appellant that the judge did not charge the proper measure of damages. The court is not advised what counsel considers a proper measure of damages, and, upon an examination of the charge, it is not able to say that the measure of damages given by the court was wrong.[1] The only other objection to the charge is that it was misleading. The charge itself furnishes no support for this criticism.

The judgment is affirmed.

STEERE, MOORE, BROOKE, and STONE, JJ., concurred.

---

[1] The charge of the court as to the measure of damages was as follows: "He is entitled to recover actual damages to the potatoes levied upon under the attachment, and, as you have heard, he claims 153 bushels total loss, at 65 cents per bushel, and also for the depreciation of the 997 bushels at 30 cents a bushel, according to his evidence. Of course it devolves upon him to establish the damage — if you are satisfied he is entitled to recover by a preponderance of evidence, as well as the other facts necessary to his recovery, he must establish the amount he is entitled to recover. If you find the facts claimed established by him by a preponderance of the evidence under the instructions I have already given you, then I instruct he is to be awarded such actual damages as you find he has suffered in that regard, as a direct and proximate result of such levy under said attachment.

"I am also requested to instruct you, and do, that the defendant is only entitled, in case he is entitled to recover, to such damages as is shown by the evidence to have proceeded directly from the levy of such attachment, but not such as may have arisen from the acts of the defendant himself. That is true. If you find that the defendant placed these potatoes in question in storage with the purpose of retaining them for a very much advantageous market, or for a rise in price, and was not prevented by reason of the attachment from disposing of them at a time when he could have disposed of them to the best advantage, then he is not entitled to offset that claim. * * *

"In no event can you find damages in this case in favor of the defendant for more than $310.50. In other words, you cannot, as in an ordinary action where there is an offset in assumpsit, give judgment for the balance which you find in excess is due to the defendant, or in case of what we call recoupment, but you can only take into consideration the damages up to the amount of the present claim of the plaintiff in this case, $310.50, and you have nothing to do with the balance. And your verdict in that case would be no cause for action, if you should so find. * * *"