PYROFAX GAS CORPORATION
*vs.*
CONSUMERS GAS COMPANY, INC.

PYROFAX GAS CORPORATION
*vs.*
BERTRAM D. STANLEY

Cumberland.   Opinion, August 31, 1955.

*Linnell, Brown, Perkins,*
*Thompson & Hinckley,* for plaintiff.

*Wilfred A. Hay,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MR. JUSTICE TIRRELL sat at the time of argument and took part in conferences but died before writing of the opinion.

BELIVEAU, J.   On agreed statement of facts.

The Consumers Gas Company, Inc., entered into a contract, or franchise, with Union Carbide and Carbon Corporation on the first day of October 1952 and both parties acted under that contract until December 31, 1953, when it was assigned to Pyrofax Gas Corporation, the plaintiff. After this assignment, according to the statement of facts, The Consumers Gas Company, Inc., "continued to deal with, accept deliveries of Pyrofax Gas, and equipment and supplies from the plaintiff, and to make payments therefor until July 7, 1954" when the plaintiff terminated the franchise, as provided by the terms of the contract. At that time, as stipulated, there was due from the Consumers Gas Company, Inc., the sum of $13,500.

The Gas Company, although it admits the sum of $13,500 is due, contends that these actions cannot be maintained because (1) the plaintiff failed to comply with Section 170 of Chapter 113 of the Revised Statutes, in that it did not file with its writ the aforesaid assignment, or copy thereof, and (2) because the contract was of such nature that it

could not be assigned and was not binding on The Consumers Gas Company, Inc.

As to the first contention of the defendant, the answer is that the only procedure available to it was by plea in abatement, which, according to the Revised Rule of Court No. 5, must be filed within two days after entry of the action. The defendant argues that he may at this late date make this objection. The Rule of Court, above mentioned, is specific and we see no reason why the defendant should be allowed to raise that objection here for the first time. There is no mention made of this in the statement of facts, and as our court has said in *Corporation et al.* v. *Bumpus et al.*, 141 Me. 11, the defendant must take advantage of such a situation by a plea in abatement and that —

> "no such plea having been filed in the cause the deficiency was eliminated by the introduction in evidence of all assignments necessary to prove that the plaintiff in question had become the owner of the right to collect that half of the rental applicable to the share of the lessor, Allen E. Cummings, in the property at the time the lease was given, accruing prior to the date of its ownership thereof."

To the same effect:

*Littlefield* v. *Pinkham*, 72 Me. 369.

> "It is generally considered, when a case is submitted to the Law Court on a report of evidence, or on an agreed statement of facts, that all technical questions of pleading are waived, unless the contrary appears."

*Pillsbury* v. *Brown*, 82 Me. 450.

The defendant's objection to the assignment cannot be sustained, because of the conduct of the defendant, Consumers Gas Company, Inc., after the assignment. It is not necessary for this court to rule here, whether or not the con-

tract comes within that group or class, which the courts have said are not assignable, and the answer to the defendant, on this score, is that Consumers Gas Company, Inc., after December 31, 1953 "continued to deal with, accept deliveries of Pyrofax Gas, and equipment and supplies from the plaintiff, and to make payments therefor until July 7, 1954." The admitted conduct of the Consumers Gas Company, Inc., after the assignment shows conclusively that it assented to and ratified it.

In view of that conduct it cannot now contend that the assignment had no force or effect insofar as it was concerned. The action here is for the collection of money admittedly due and does not otherwise involve the relationship between these parties as to the performance of other provisions of the contract.

*Oak Grove Construction Co.* v. *Jefferson County,* 219 Fed. 858.

In the action against Bertram D. Stanley, the plaintiff relies on a guarantee executed by Stanley dated December 24, 1952.

The defense is that the guarantee lacks the element of consideration and not being under seal, it is open to defendant to raise that objection.

While the statement of facts mentions the guarantee without stating any consideration to Stanley, in the document, Stanley states and admits that he has received a "consideration of one dollar and other valuable considerations * * * *" for the execution or giving of the guarantee.

These are not idle or meaningless words and must be interpreted to mean that Stanley received what he then considered was a sufficient consideration.

It must be borne in mind that Stanley, at the time, was president and majority stockholder of the Consumers Gas Company, Inc.

It was stated in *Whitney* v. *Stearns*, 16 Me. 397—

"If a man will deliberately confess that he has received a valuable consideration for his promise, the *burthen* ought surely to rest on him to *shew* that he was under a mistake. Should he fail of doing so, the consideration is proved."

In *Harris* v. *Firth*, N. J. 68A, 1064, the court there held that "value received" on a promissory note imported the payment of a consideration to the maker by the payee.

It was said in *Lawrence* v. *McCalmont*, 2 How. 452—

"The guarantor acknowledged the receipt of the one dollar and is now estopped to deny it. If she has not received it, she would now be entitled to recover it. A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any parol contract; and this is equally true as to contracts of guarantee as to other contracts. A stipulation in consideration of one dollar is just as effectual and valuable a consideration as a larger sum stipulated for or paid."

See also *Davis Sewing Machine Company of Watertown, N. Y.* v. *Richards et al.*, 115 U. S. Sup. Ct. Reporter 524.

In *Citizens' Sav. Bank & Trust Co.* v. *Babbitt's Estate* where a guarantee was executed "for value received" it imported a consideration and admission of parol evidence was unnecessary.

*Citizens' Sav. Bank & Trust Co.* v. *Babbitt's Estate*, 44A (Vt.) page 71.

See also 38 *Corpus Juris Secundum* Section 33, Page 1172.

It is evident from a study of the authorities, that the recital of a consideration received is, at least, prima facie evidence of that fact and in the absence of any evidence to con-

tradict or overcome this presumption, the defense of lack of consideration, argued in this court, avails the defendant Stanley nothing.

In the action against Stanley the plaintiff relies on the guarantee given by Stanley and alleges a breach of that contract. Later the plaintiff amended its writ by filing an account annexed which included a copy of the account annexed in the action against the Gas Company, money counts and specification that the plaintiff would prove the defendant had failed to perform a certain contract described in the plaintiff's declaration.

It is argued by the defendant that the plaintiff may not recover from the defendant the amount of the note described in the agreed statement of facts given by the Consumers Gas Company, Inc., and endorsed by Stanley.

As we view the declaration in the plaintiff's writ and amendments thereto, it was not the purpose to declare on the note but rather on a breach of the contract of guarantee, seeking to recover all that was due the plaintiff at the time contractual relations were terminated in accordance with the terms of the contract.

The introduction of the note was to establish that as of its date, the amount represented therein was due the plaintiff under the contract.

Our court has held in *Bean* v. *Camden Lumber and Fuel Company*, 124 Me. 103 —

> "A promissory note may even be introduced in evidence in support of a money count though not specially declared on."

See also *Fairbanks* v. *Stanley*, 18 Me. 296; *Webster* v. *Randall*, 36 Mass. 13; *Payson* v. *Whitcomb et al.*, 32 Mass. 212.

In view of the law established in *Pillsbury* v. *Brown supra*, the technical questions of pleading were waived by

the defendant unless the contrary appears. No reservations were made by either defendant as to these matters. The amount agreed upon in the stipulation as due from the Consumers Gas Company, Inc., is $13,500.

We find for the plaintiff in each case and judgments to issue against each defendant for $13,500 and interest from the date of the writ. Payment in part or in full by either of the defendants shall be credited on the judgment against the other defendant.

*Judgment for plaintiff in each action.*