LOVEY A. PILLSBURY vs. IRVING J. BROWN, and others.

York.    Opinion March 3, 1890.

*Way.  Location de facto.  Width.  Adverse use.  Presumption.  Dedication.*
*Pleading.  Practice.*

The use of ways, commenced under an actual and recorded location which clearly and distinctly defines their width, though the proceedings may not have been in all particulars strictly conformable to law, is presumed to be co-extensive with the location.

After the lapse of twenty years, accompanied by an adverse use, a location of a way *de facto* becomes a location *de jure.*

Thus, where a way was originally laid out three rods wide, *Held,* that the public is entitled to a way of that width, notwithstanding the wrought part and the part actually used by travellers may have been less than that; *also,* that the travelled path may from time to time be widened or otherwise improved, as the growing wants of the public may require, provided such improvements are kept within the limits of the way as originally laid out.

When a case is submitted to the law court on a report of evidence, or on an agreed statement of facts, technical questions of pleading will be considered as having been waived, unless the contrary appears.

ON REPORT.

This was an action of trespass for entering the plaintiff's close, at Old Orchard, bounded on its southerly side by Old Orchard road, and removing a retaining wall next to the road, and part of the steps from the Revere House standing on her lot, cutting into the bank about nineteen feet and removing the soil.

The defendants, street commissioner and selectmen of the town, removed the wall and earth for the purpose of repairing and improving the street.  They cut up to within six or eight inches of a line which they claimed is the southerly line of plaintiff's lot, and the northerly line of Old Orchard road.

The rights of the parties depended upon the question, where was the northerly line of the road in front of the plaintiff's land.

The defendants relied upon proof that the way was established by the town in 1844.  The plaintiff contended that the proceedings in laying out were defective and void; also that the way was

not built upon the location as established. The defendants further contended that one Whittemore, the plaintiff's grantor, in 1875, having divided up his land into lots, streets and parks, and sold thirty-two lots and then two to the plaintiff, all by reference to a recorded plan, had thereby fixed the line in dispute, and made an irrevocable dedication of the land marked "Old Orchard road" to public use.

*S. C. Strout, H. W. Gage and C. A. Strout,* for plaintiff.

Dedication: The grant is full, definite, by metes and bounds, and goes to Old Orchard road. It is well settled law that such a grant is not qualified or limited by a reference to a deed or plan which does not cover the entire grant. *Dana* v. *Middlesex Bank,* 10 Met. 255 ; *Gould* v. *Eastern Railroad,* 142 Mass. 89 ; *Frost* v. *Angier,* 127 Mass. 212 ; *Harlow* v. *Thomas,* 15 Pick. 68 ; *Stearns* v. *Rice,* 14 Pick. 411.

The reference in these deeds to Old Orchard road, was to the road existing on the face of the earth, and not to an unknown and unapparent record line, of which neither the plaintiff nor Whittemore had any knowledge, as they both testify. *Sproul* v. *Foy,* 55 Maine, 162 ; *Tebbetts* v. *Estes,* 52 Maine, 567.

It is claimed by defendants that Whittemore dedicated to the public, as a way, all southerly of the southerly line of Whittemore's lots as delineated on Dennett's plan. To constitute a dedication, in the first instance, the owner must intend to dedicate. Such intention never existed in Mr. Whittemore's mind. He had no knowledge of any record location of the road ; no knowledge whether the plan line corresponded with the road line or not ; and had no intention to throw into the road any portion of his land. Upon these facts the initial fact of an intention to dedicate fails. If there had been such intention it does not become effectual until acceptance by the town, or the public. Angell on Highways, §§ 143, 149. *Bangor House* v. *Brown,* 33 Maine, 309 ; *Cole* v. *Sprowl,* 35 Maine, 161 ; *State* v. *Bradbury,* 40 Maine, 154 ; *State* v. *Wilson,* 42 Maine, 9 ; *White* v. *Bradley,* 66 Maine, 254 ; *Muzzey* v. *Davis,* 54 Maine, 361.

Nothing in *Bartlett* v. *Bangor,* 67 Maine, 460, establishes a different doctrine.

Whittemore's plotting was in 1875. He sold to plaintiff in 1880. She entered into possession and built, and neither the public nor town authorities ever accepted by act or word, any supposed dedication by Whittemore; nor made any claim or use of any of the land northerly of the constructed way until this cutting in 1887.

If therefore Whittemore had offered to dedicate, and nothing had been done by way of acceptance, by use or otherwise, and in 1880 he sold the land to plaintiff, bounding by the road as it existed, it was too late for the town to accept such offer after said sale.

The attempted location in 1844 was invalid and void, and defendants can not justify under that. They are not in the position to make any claim from lapse of time, as the road as built and used, is not upon the record location.

There being no legal location made in 1844, then the only road existing was one by prescription, or dedication or permissive use, and extended no farther northerly than the actual travelled way, which makes the northerly line of the road at the southerly side of the ditch, or twenty feet southerly of the cut by defendants. Dill. Mun. Corp. § 502, note 1. *Lawrence* v. *Mt. Vernon*, 35 Maine, 100; *Sprague* v. *Waite*, 17 Pick. 317; *Hollenbeck* v. *Rowley*, 8 Allen, 476; Washburn on Easements, pp. 72, 73, 130 and 188.

No presumption of a legal location, the record of which is lost, can arise, because the way near plaintiff's land did not exist until the attempted location in 1844, and the record of that location is in the case, and the evidence shows, that the road was built, under and by virtue of that attempted location.

Location of way invalid and void. Burden on defendants to show legal way. *Southard* v. *Ricker*, 43 Maine, 576. Counsel also cited: *Waterford* v. *Co. Com.*, 59 Maine, 452; *Baker* v. *Runnels*, 12 Id. 237; *Christ's Church* v. *Woodward*, 26 Id. 178; *Lancaster* v. *Pope*, 1 Mass. 88; *Davis* v. *Maynard*, 9 Mass. 245; *Wellington* v. *Gale*, 13 Mass. 488; *Burns* v. *Annas*, 60 Maine, 288; *Clark* v. *Wardwell*, 55 Id. 61, 66; *State* v. *Williams*, 25 Id. 561; *Fossett* v. *Bearce*, 29 Id. 526; *R. R.* v. *Bolton*, 48 Id. 454; *Allen* v. *Archer*, 49 Id. 351; *Brown* v. *Witham*, 51 Id. 30; *Hamilton* v. *Phipsburg*, 55 Id. 195; R. S., 1840, c. 25, §§ 1, 27, 28, 31.

*Hampden Fairfield*, for defendants.

Counsel cited: R. S., c. 18, §§ 65, 66; *Esty* v. *Baker*, 50 Maine, 325; *Erskine* v. *Moulton*, 66 Id. 276; 2 Wash. R. P. p. 276; *Tuttle* v. *Cary*, 7 Maine, 434; *Ford* v. *Clough*, 8 Id. 334; *Gilmore* v. *Holt*, 4 Pick. 260; *Houghton* v. *Davenport*, 23 Pick. 235; *Wallace* v. *Townsend*, 109 Mass. 263; *Brackett* v. *Persons Unknown*, 53 Maine, 236; *Todd* v. *Rome*, 2 Id. 61; *Sprague* v. *Waite*, 17 Pick. 317; *Seeley* v. *Bridgeport*, 53 Conn. 1; *Hannum* v. *Belchertown*, 19 Pick. 312; *Bartlett* v. *Bangor*, 67 Maine, 465, 466; *Cole* v. *Sprowl*, 35 Id. 161; Dill. Mun. Corp. § 642 n. 2; *Ham* v. *Ham*, 14 Maine, 351; *Copeland* v. *Copeland*, 28 Id. 525; *Stevens* v. *McNamara*, 36 Id. 176; *Cummings* v. *Webster*, 43 Id. 192; *Denniston* v. *Clark*, 125 Mass. 216.

WALTON, J. The defendants, acting in behalf of their town, widened the street in front of the plaintiff's hotel at Old Orchard, and built a sidewalk. She claims that in so doing they did not keep within the limits of the street, but extended it on to her land, and she has sued them in an action of trespass for breaking and entering her close.

We do not think the action is maintainable. We think the defendants did keep within the limits of the street. The street was laid out three rods wide; and we have the testimony of one of the selectmen by whom it was laid out, and of others who assisted in building it, and of others who have always known it, that the widening is within its limits as originally located. And we have other important evidence. It appears that when the plaintiff's grantor caused the land to be surveyed into building lots, the surveyor placed the hubs by which her lots were bounded on the line within which the defendants kept in widening the street; and, if limited to that line, the plaintiff will get the full quantity of land and the full length of lines mentioned in her deed. It is possible that this line may be wrong. But we think the evidence is overwhelmingly in favor of its accuracy.

But the plaintiff claims that the location was not legal, and that only so much of its width as was actually prepared for travel and had been so used for twenty years or more at the time of the widening, could then be held for a street.

We do not think this proposition can be maintained.   It was long ago held in a very able opinion by Chief Justice Shaw, that, where a way is established by adverse use alone, a jury might be justified in finding that the way extended beyond the part wrought and actually used for travel, and might include land which by reason of its formation or the existence of obstacles could not have been used for travel.   *Sprague* v. *Waite*, 17 Pick. 309.   Still, we do not doubt that it is generally true that when an easement of any kind is obtained by adverse use alone, its extent must be measured by its use.   But this rule does not apply to ways which have commenced under an actual and a recorded location which clearly and distinctly defines their width, though the proceedings may not have been in all particulars strictly conformable to law.   In such cases, the use is presumed to be co-extensive with the location, precisely as possession under an invalid deed is presumed to be co-extensive with the land purporting to have been conveyed by it.   This result is sometimes reached by the presumption of a dedication, and sometimes by the presumption that the proceedings were all regular.   In this state, the latter mode has been adopted.   Thus, in *Gibbs* v. *Larrabee*, 37 Maine, 506, where the records of the town failed to show a compliance with all the requirements of the law, still, inasmuch as the location had been acquiesced in for a long series of years, the court held that an inference might fairly be drawn that all the requirements of the statute had in fact been complied with; and sustained the location on that ground.   The point, to be particularly noticed in this decision, is the fact that it was the way originally located that was sustained, not such a way merely as had been used.   It is the location *de facto* that by the lapse of time ripens into a location *de jure*.   To rest such a result on the presumption of regularity is to rest it on a fiction. And to rest it on the presumption of a dedication would be equally so.   We think it would be better to avoid these unnecessary fictions, and let the result rest on a positive rule of law, which, like all limitation laws, has the public good and the public convenience for a foundation.   The rule of law is this, that after the lapse of twenty years, accompanied by an adverse use,

a location *de facto* becomes a location *de jure*. This way, at the time of the alleged trespass, had been located, and opened, and used by the public, for more than forty years. The location *de facto*, if not in all particulars regular, had become by lapse of time, and use, and the acquiescence of all parties adversely interested, a location *de jure*. Where, said Chief Justice Shaw, in the case cited, a tract three or four rods wide, such as is usually laid out as a highway, has been used as a highway, although twenty or thirty feet only have been used as a travelled path, still, this is such a use of the whole as constitutes evidence of the right of the public to use it for a highway, by widening the travelled path, or otherwise, as the increased travel and the exigencies of the public may require. This seems to us to be sound law as well as good sense; and we hold in this case that the public is entitled to a way three rods wide, as originally laid out, notwithstanding the wrought part of it, and the part actually used by travellers, may have been very much less than that; and that the travelled path may from time to time be widened or otherwise improved, as the growing wants of the public may require, provided such improvements are kept within the limits of the way as originally laid out. And, in this case, the evidence satisfies us that in widening the travelled path and building the sidewalk, the defendants did keep within the limits of the way as originally laid out, and were not, therefore, guilty of a trespass upon the plaintiff's land.

One other point remains for consideration. The plaintiff's counsel claim that there is a variance between the defendants' pleadings and the proof, the defendants having averred in their pleadings that the way in question was a highway, while the proof is that it was a town way. We do not think this point is open to the plaintiff. It is generally considered, when a case is submitted to the law court on a report of evidence, or on an agreed statement of facts, that all technical questions of pleading are waived, unless the contrary appears. (*Gardiner* v. *Nutting*, 5 Maine, 140; *Moore* v. *Philbrick*, 32 Maine, 102; *Machias Hotel Co.* v. *Fisher*, 56 Maine, 321.) In this case, it was agreed that if the court should find that the defendants were justified in

what they did, judgment should be ordered in their favor. We do so find. Under this agreement and this finding, we think the defendants are entitled to the judgment stipulated for, without regard to the pleadings, no question of pleading appearing by the report to have been raised or reserved in the court below.

*Judgment for the defendants.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.