————o————

THE WAYNE COUNTY SAVINGS BANK v. LEVI L. STOCKWELL AND FRANK A. KINNEY.

*Highways—User—Abandonment.*

1. A highway by user need not necessarily be of the statutory width, but it becomes such to the width and extent used.

2. A highway can be lost in whole or in part by non-user, but the portion kept in use will not be affected by the non-user of the remainder.

Appeal from Lenawee. (Lane; J.) Argued February 10, 1891. Decided February 27, 1891.

Bill to restrain defendants from closing up or in any manner obstructing an alleged highway. Defendants appeal. Affirmed. The facts are stated in the opinion.

*Andrew Howell,* for complainant.

*Millard, Wood & Bird,* for defendants.

MORSE, J. The bill in this case was filed to restrain the defendants from closing up or in any manner obstructing an alleged public highway in the township of

Medina, in Lenawee county, known as the "Savage Road;" it being claimed that the said highway was duly laid out in 1840 four rods in width, commencing at a point on the east side of section 13 in said township, and running to the quarter-post standing on the west side of the section. It is not deemed necessary for the purposes of this case to give here the particular survey of the road made in 1840.

Between sections 13 and 14 there runs a highway, north and south. The defendant Stockwell owns land for eighty rods east of this highway upon the north side of the east and west quarter line of said section 13, and Frank A. Kinney for the same distance upon the south side. East of the lands of Kinney are the lands of the complainant, known as the "Old Savage Farm." It is claimed in the bill that this highway known as the "Savage Road" ran upon this east and west quarter line to the center of the section near the west bank of a stream known both as "Tiffin River" and "Bean Creek." It is alleged in the bill that this highway was opened on this quarter line as far as Bean creek very soon after it was surveyed and established, but the part of the road east of said creek was never opened or worked, and no bridge was ever built across the creek. The bill further alleges that the road from the west section line of 13 through to said creek has ever since been opened, used, and traveled as a public highway, and for over 40 years has been recognized as such by the public and the township authorities, and has been kept open to the width of from 2½ rods to 3 rods; that about 15 years before the filing of this bill this road and the lands adjacent to it were set off into a road-district, and called "Road-district No. 42," and ever since then the lands have been assessed for highway labor upon said road, and a pathmaster elected each year until the one in which this bill was filed; that there has never

been any other road or highway, public or private, giving ingress and egress to and from the said Savage farm, now owned by complainant, and that said Savage road is the only way out from and in to this farm.

It very clearly appears from the testimony that this road was laid out by the highway commissioners of Medina; the survey being made March 26, 1840, and recorded April 2, 1841. Whether such establishment conformed in every respect to the statutes then existing is not material, in our view of the case. The testimony shows plainly that the road was opened and worked, as claimed by the bill, as far east as Bean creek; that the then owners of the premises now occupied and owned by defendants, Stockwell and Kinney, when they cleared and worked their lands, built their fences so as to leave this road open to the width of from 2½ to 3 rods, the center of the same being the quarter line. From that time—a period of over 40 years—this road has been universally recognized and treated by the public as a highway,—most of them regarding it as a public way, and the others, as they testify, supposing it was a private way for the benefit of the Savage farm; it being called sometimes the "Savage Road," and sometimes "Savage Lane." It formed by itself a road-district, and work was done upon it. In 1884, the commissioner of highways undertook to discontinue it as a public highway, but the proceedings are not relied upon as being effectual lawfully to do so. There is no doubt in our minds that this road has become a highway by user, and that the fencing up and obstructing of it by the defendants in the spring of 1888 was unlawful, and rightfully enjoined by the court below.

The answer of the defendants relied almost entirely upon the claim that the road had never been fully opened, being, as shown by the testimony in their behalf,

at different times fenced up and otherwise obstructed at various places. The circuit judge found and decreed that a public highway existed 2½ rods in width, of which the east and west quarter line was the center, and that the same extended from the quarter stake in the highway running north and south between sections 13 and 14, along the said quarter line to the north-west corner of the lands owned by complainant, which would be 1½ rods off from the lands of each of the defendants. The defendants were ordered to remove all obstructions placed by them in such highway, and also forever enjoined and restrained from hereafter obstructing, encroaching upon, or in any wise interfering with said highway, so as to impede the full and free use of the same as a public highway.

It was shown that, when Savage lived upon his farm, at several different times he temporarily put fences across the road on his own premises to keep his cattle or stock from getting out, so that he could pasture or water them in the highway, and connected with some of his fields. There was at one time a temporary fence, with a pair of bars, at the extreme west end of the road, and between the lands now owned, by the defendants; but there can be no serious contention that this road, in so far as it has been declared a highway by the decree of the court below, was ever abandoned or went into disuse, or that it was not understood by all to be a highway with which the land-owners could not interfere to prevent public travel upon it. It was recognized as a public highway in 1884 by the petition and other proceedings taken to discontinue it; and one of the defendants testifies that he did not meddle with it until 1888, because he supposed that it was a road, until he was advised, about that time, by a lawyer, that it was not. A very similar case to the one before us is *Nye v. Clark*, 55 Mich. 602.

We do not think it necessary to discuss or state the evidence in detail. We are all satisfied that a road,—a public highway,—as found by the circuit judge has long been established by user. It is not necessary that a highway established by user should be of the statutory width of four rods. A highway by user becomes such to the width and extent used. *County of Wayne v. Miller*, 31 Mich. 447, 449; *Lyle v. Lesia*, 64 Id. 22; *Scheimer v. Price*, 65 Id. 638; *Kruger v. Le Blanc*, 70 Id. 76; *Pratt v. Lewis*, 39 Id. 7, 12; *McKay v. Doty*, 63 Id. 581.

There is no doubt that an attempt was made to lay out this highway four rods wide, and across the whole of the section. The fact that no part of the highway east of Bean creek was ever used, or that a portion of it was shut up and abandoned west of the creek, or that the part of it running between the lands of Stockwell and Kinney was reduced to a width of two and one-half rods, would not destroy the right of the public or the complainant to preserve the use of such portion as had been for so long a time used as a public highway. A highway, or any portion of it, can be lost by non-user, but that will not affect the portion kept in use. *Gregory v. Knight*, 50 Mich. 61, 64; *Lyle v. Lesia*, 64 Id. 22; *Coleman v. Railroad Co.*, Id. 163.

The decree of the court below is affirmed, with costs.

CHAMPLIN C. J., MCGRATH and GRANT, JJ., concurred. LONG, J., did not sit.