Argued 6 December, 1900; decided 14 January, 1901.

## BAYARD *v.* STANDARD OIL COMPANY.

[63 Pac. 614.]

ESTABLISHMENT OF HIGHWAY BY USER.*

1. In order that a highway may be established by public user, the use must be under a claim of right, adversely, uninterruptedly and substantially by way of a defined road, for the period prescribed by limitations beyond which actions for recovery of real property cannot be maintained.

EXTENT OF HIGHWAY ESTABLISHED BY USE.

2. While it is a general rule that the width of a highway established entirely by user is limited to the ground actually used, the question is

---

*NOTE.—See 14 Am. St. Rep. at p. 278, for extensive note, Extinguishment of Highways and Other Easements Through Non-User or by Operation of the Statute of Limitations, and 57 Am. St. Rep. p. 744, for monograph, Highways by User.

See three extensive notes, Abandonment of a Highway by Non-User or Otherwise than by the Act of the Public Authorities, 26 L. R. A. 449-469; Discontinuance or Vacation of a Highway by the Acts of Public Authorities, 26 L. R. A. 821-840; and Effect of Abandonment of a Highway, 26 L. R. A. 659-665; and a further note, Rights Acquired as Against the Public by Adverse Possession of Highway or City Street, 18 L. R. A. 146-150.—REPORTER.

usually for the jury, giving proper consideration to the circumstances and conditions attending the use.

EXTENT OF HIGHWAY BASED ON COLOR OF TITLE.

3.  Where a highway is based on irregular or void legal proceedings, constituting color of title, the proffer of the record must be followed by testimony that the point of road in dispute is within the boundaries designated by the record.  When this testimony is produced in connection with the record showing a colorable title in the public, the possession will be constructively extended to the entire designated width of the road.

HIGHWAYS — EVIDENCE OF COLOR OF TITLE — ROAD RECORD.

4.  On an issue as to whether a certain spot was within a highway, plaintiff claiming that there had been an ineffectual attempt to lay out a road including that point, and that thereafter there had been a public use of the road for the length of time required to establish adverse possession, but it was not shown that the beaten track at that spot was within the boundaries of the road as attempted to be laid out, it was error to admit the proceedings of such attempt, since, the user not having been shown within the boundaries of the road as attempted to be laid out, the highway was established only to the extent of actual use.

From Wasco: WM. L. BRADSHAW, Judge.

Action by C. E. Bayard and Frank Watkins, as administrators of the estate of Perry Watkins, deceased, against the Standard Oil Company to recover damages for injuries resulting in the death of their intestate, alleged to have been caused by placing an unlawful obstruction in a public highway.  Prior to June 27, 1896, the defendant had constructed a foundation of brick, by the side of or near the beaten track of a publicly traveled highway, and on that day was engaged in placing an oil tank thereon 10½ feet in diameter, and 30 feet in length, cylindrical in form, and of a red or light brown color.  When the tank was nearly in place, one Julian was driving by, and as he came opposite his team became frightened, and ran upon the deceased, who was in a hack, driving ahead, causing his death.  The theory of the plaintiffs is that the highway was a public county road; that the tank constituted an obstruction and a public nuisance within such road; and that the frightening of Julian's team

thereat was the proximate cause of the injuries complained of. To sustain their contention, they introduced in evidence the records of the attempted establishment by the County Court of Wasco County, Oregon, in 1867, of a county road from The Dalles to the Lower Deschutes bridge, consisting of the original papers on file and record proceedings relating to the matter. These were not offered for the purpose of showing a valid establishment of the highway, but to show color of title merely, to be followed by proof that it had been opened up and used by the public for about 28 years, regularly and continuously, prior to the accident. Other evidence was produced, tending to show that between the years 1867 and 1880 there was a road leading from The Dalles to the Lower Deschutes bridge, commonly known as "The Dalles and Deschutes Road," which was regularly traveled by the public; that it was worked by the road supervisor from time to time; and that the thread or beaten track thereof passed over the ground where the oil tank was being placed. The defendant produced evidence tending to show that one Mary Laughlin was the donee from the general government of the *locus in quo*; that on July 12, 1881, she deeded to the Oregon Railway & Navigation Company a strip of land, comprising the premises, upon which the oil tank was placed; that the Oregon Railway & Navigation Company, sometime about the year 1882, constructed an ice house near the west end thereof, and a few feet to the east of where the oil tank was subsequently erected; that since said time the traveled track turned to the south, but in close proximity to the ice house, after passing which it gradually bears back, until it connects with the old way, several rods further west. The tank extends south, even with the ice house, but not upon the beaten track of the road as now used, and the defendant claims to have the authority of the Oregon Railway & Navigation Company for erecting it at that point. There was a motion for a nonsuit at the close of the plain-

tiff's testimony, and again at the close of the trial, both of which were overruled, and, the final judgment being favorable to the plaintiffs, the defendant appeals.

REVERSED.

For appellant there was an oral argument by *Messrs. Harry M. Cake* and *Wm. D. Fenton,* with a brief over the names of *Cake & Cake* and *Fenton, Bronaugh & Muir.*

I.   The record of the void road proceeding was not evidence of color of title, for there was no accompanying evidence that the ground where this alleged obstruction was situated was within the boundaries of the attempted road. The gist of the action is that the oil tank was in a county road, and if it was not in the limits of such county road, it is conceded that no action would lie: *Beverly* v. *Burke,* 9 Ga. 440 (54 Am. Dec. 351) ; *McCagg* v. *Heacock,* 34 Ill. 476 (85 Am. Dec. 327) ; *City of St. Louis* v. *Gorman,* 29 Mo. 593 (77 Am. Dec. 586) ; *Wilson* v. *Atkinson,* 77 Cal. 485 (11 Am. St. Rep. 299) ; *McMillan* v. *Gambell,* 106 N. C. 359 (11 S. E. 273) ; *McInerny* v. *Irvin,* 90 Ala. 275 (7 South. 841) ; *Carpenter* v. *Monks,* 81 Mich. 103 (45 N. W. 477) ; *Avent* v. *Arrington,* 105 N. C. 392 (10 S. E. 991) ; *Stroud* v. *Prager,* 130 Pa. St. 401 (18 Atl. 637) ; *Black* v. *Tenn. C., I. & R. R. Co.,* 93 Ala. 109 (9 South. 537) ; *Donaugh* v. *Company,* 79 Tex. 535 (15 S. W. 490) ; *Bartlett* v. *Ambrose,* 78 Fed. 843 ; *Cameron* v. *U. S.,* 148 U. S. 301.

II.   A road by prescription is confined in its exterior limits to the ground actually used by the public, and it is immaterial whether the user was under a void record attempting to establish a county road or not.   This is particularly true in cases where a highway is sought to be shown by prescription . where the travel is over unenclosed lands: *Owens* v. *Crossett,* 105 Ill. 354; *Wayne Co. Sav. Bank* v. *Stockwell,* 84 Mich. 586 (48 N. W. 174, 22 Am. St. Rep. 708) ; *Schafer*

v. *Stuhl,* 32 Neb. 94 (48 N. W. 882) ; *State* v. *Railroad Co.,* 45 Iowa, 139; *Scheimer* v. *Price,* 65 Mich. 638 (32 N. W. 873) ; *Gregory* v. *Knight,* 50 Mich. 61 ; *Fox* v. *Virgin,* 11 Ill. App. 513; *State* v. *Horn,* 35 Kan. 717 (12 Pac. 148) ; *Watrus* v. *Southworth,* 5 Conn. 304; *Walker* v. *Caywood,* 31 N. Y. 51 ; *Epler* v. *Nimal,* 5 Ind. 459; *Hanum* v. *Belchertown,* 19 Pick. 311 ; *Shellhouse* v. *State,* 110 Ind. 509; *South Branch Ry. Co.* v. *Parker,* 41 N. J. Eq. 489; *Blummer* v. *Ossipee,* 59 N. H. 55 ; *Herhold* v. *Chicago,* 108 Ill. 467; *State* v. *Mitchell,* 58 Iowa, 567; *Waltman* v. *Rund,* 109 Ind. 366 (10 N. E. 117) ; *Commonwealth* v. *Railway Co.,* 14 Gray, 93 ; *Davis* v. *Clinton,* 55 Iowa, 549 (10 N. W. 768).

III.   An owner in fee simple who holds under a paper title and is in possession of a part of the premises, has constructive possession of the whole, and the public entering thereon, not having legal title, but under an alleged color of title (assuming that the defective road proceedings constitute such color of title) will be restricted to the part actually occupied for such highway as against such real owner : *Barrett* v. *Love,* 48 Iowa, 115 ; *Gates* v. *Kelsey,* 57 Ark. 527 (22 S. W. 162) ; Tyler, Eject., p. 904; *Bradley* v. *West,* 60 Mo. 33 ; *St. Louis* v. *Gorman,* 29 Mo. 593 (77 Am. Dec. 586) ; *Schultz* v. *Lindell,* 30 Mo. 310; *DeGraw* v. *Taylor,* 37 Mo. 310; *Seymour* v. *Cresswell,* 18 Fla. 29; *Kincheloe* v. *Tracewell,* 11 Grat. 587; *Archibald* v. *Ry. Co.,* 157 N. Y. 154 (52 N. E. 567) ; *Labory* v. *Orphan Asylum,* 97 Cal. 273; *McCormick* v. *Sutton,* 97 Cal. 373-8; *Ozark Plateau Land Co.* v. *Hays,* 105 Mo. 143 (16 S. W. 957) ; *Colterman* v. *Schiermeyer,* 111 Mo. 404 (19 S. W. 484) ; *Garrett* v. *Ramsey,* 26 West Va. 351 ; *Hunnicutt* v. *Peyton,* 102 U. S. 333-69; *Isley* v. *Wilson,* 42 West Va. 757 (26 S. E. 551) ; *Semple* v. *Cook,* 50 Cal. 26.

IV.   The public may lose its rights in a highway by adverse user.   The statute of limitations would run against the public and the right of the public to use a highway:

*Grady* v. *Dundon,* 30 Or. 333; *Steel* v. *Portland,* 23 Or. 176
(31 Pac. 479); *Knight* v. *Heaton,* 22 Vt. 480; *Beardslee* v.
*French,* 7 Conn. 125 (18 Am. Dec. 86); *Rowan's Executors*
v. *Portland,* 8 B. Mon. 232; *Weber* v. *Chapman,* 42 N. H.
326 (80 Am. Dec. 111); *Cornwall* v. *Louisville & N. Ry.
Co.,* 87 Ky. 780 (7 S. W. 553); *Ostrom* v. *City of San
Antonio,* 77 Tex. 345 (14 S. W. 66); *Meyer* v. *City of Lin-
coln,* 33 Neb. 566 (50 N. W. 763); *City* v. *Church,* 8 Ohio,
298 (32 Am. Dec. 718); *City* v. *Evans,* 5 Ohio St. 594;
*Armstrong* v. *Dayton,* 4 Dev. 568; *Dudley* v. *Frankfort,* 12 B.
Mon. 610; *Orr* v. *O'Brien,* 77 Iowa, 253 (14 Am. St. Rep.
277); *Vincent* v. *City of Kalamazoo,* 111 Mich. 230 (69
N. W. 501); *Galveston* v. *Menord,* 23 Tex. 349; *Company*
v. *Powell,* 22 Mo. 525 (66 Am. Dec. 637); *City* v. *John-
ston,* 56 Ill. 45; *City* v. *Poe,* 24 Grat. 149; *City* v. *Schoels,*
24 Iowa, 283 (95 Am. Dec. 729); *Fort Smith* v. *McKibben,*
41 Ark. 45 (48 Am. Rep. 19); *Clements* v. *Anderson,* 46
Miss. 581; *City* v. *Campbell,* 12 W. Va. 36; *Shock* v. *Falls
City,* 31 Neb. 599 (48 N. W. 468); *Attorney General* v.
*Revere Copper Co.,* 152 Mass. 444 (25 N. E. 605, 9 L. R.
A. 510); *St. Paul* v. *Chicago, M. & St. P. Ry. Co.,* 45 Minn.
387 (48 N. W. 17, 34 L. R. A. 184); *Smith* v. *Cornell,* 81
Iowa, 218 (46 N. W. 992); *Village of Wayzata* v. *Gt.
Northern Ry. Co.,* 50 Minn. 438 (52 N. W. 913); *Lewis*
v. *Barker,* 39 Neb. 639 (58 N. W. 126); *McAlberts* v. *Pick-
up,* 84 Iowa, 65 (50 N. W. 556); *Watkins* v. *Mores,* 113 N.
C. 527 (18 S. E. 339); *Terrill* v. *Town of Bloomfield* (Ky.),
21 S. W. 1041; *Flynn* v. *Detroit,* 93 Mich. 590 (53 N. W.
518); *Bice* v. *Town of Walcott,* 64 Minn. 459 (67 N.
W. 360).

For respondent there was an oral argument and a brief by
*Mr. Alfred S. Bennett.*

I.   The record of the proceedings attempting to estab-
lish a county road, though invalid, was admissible as color

of title: Jones, Easmts, § 464; Elliott, Roads and Sts., p. 136; *Upper* v. *Lowell*, 7 Wash. 460; *State* v. *Auchard*, 22 Mont. 14 (55 Pac. 361); *R. R. Co.* v. *Cogsbill*, 85 Ala. 456 (5 South. 188); *Pillsbury* v. *Brown*, 82 Me. 450 (19 Atl. 858, 9 L. R. A. 94, with note); *R. R. Co.* v. *Deveny*, 42 Miss. 555; *Sprague* v. *Waite*, 17 Pick. 309.

II.   A public road may be created by adverse user alone; but it will then be confined to the limits actually traveled, and a convenient distance on each side for the passage of teams and stock: *Tilton* v. *Wenham*, 52 N. E. 514; *Whitesides* v. *Green*, 13 Utah, 341 (44 Pac. 1032, 57 Am. St. Rep. 740); *Commonwealth* v. *R. R. Co.*, 14 Gray, 93; Jones, Easmts, § 464; *Sprague* v. *Waite*, 17 Pick. 309; *Pillsbury* v. *Brown*, 82 Me. 450 (19 Atl. 858, 9 L. R. A. 94, and note).

III.   When once a title is established by ten years' adverse use, it becomes at once a valid title for all purposes: *Joy* v. *Stump*, 14 Or. 361 (12 Pac. 929); Newell, Eject., p. 719. It follows from this that it would continue a legal road until defeated in some lawful way; and the burden of proof is on the party claiming the abandonment: Elliott, Roads & Sts., p. 658; Lawson, Presump. Ev., p. 163; Jones, Easmts, § 850; *Lazzell* v. *Garlow*, 44 W. Va. 466 (30 S. E. 177); *Bradley* v. *Appannoose County*, 106 Iowa, 105 (76 N. W. 519).

IV.   While a public easement may be lost by adverse possession, in a case where an entire section of the highway is shut off so that public travel is entirely prevented for a long period of time, yet it is doubtful under the authorities whether a mere encroachment of the abutting owner on a small portion of the highway, leaving room for the travel to pass around, could ever give title or narrow the public right: Elliott, Roads & Sts., p. 669; Jones, Easmts, § 539; *Watkins* v. *Lynch*, 71 Cal. 26 (11 Pac. 808); *So. Pacific R. R. Co.* v. *Ferris*, 93 Cal. 263 (28 Pac. 828); *Driggs* v. *Phillips*, 103 N. Y. 778 (8 N. E. 514); *Humphries* v. *Mayor*, 48 N. J. Law, 595 (7 Atl. 301); *Brown* v. *Hiatt*, 16 Ind. App. 340

(45 N. E. 481) ; *Webb* v. *Com'rs of Butler County,* 52 Kan.
375 (34 Pac. 973) ; *Town of Sumner* v. *Peebles,* 5 Wash.
471 (32 Pac. 221) ; *Meier* v. *Port. Cable Ry. Co.,* 16 Or.
500 (1 L. R. A. 856, 19 Pac. 610).

MR. JUSTICE WOLVERTON, after stating the facts, deliv-
ered the opinion of the court.

The plaintiffs' cause of action depends upon whether the
oil tank was being placed within and upon a public county
road.   If it was, the right of recovery is clear, the other con-
ditions being that it must have been the proximate cause of
the injury, which must have been special and peculiar,—other
and greater than that sustained by the public generally :
*Milarkey* v. *Foster,* 6 Or. 378 (25 Am. Rep. 531) ; *Wake-
man* v. *Wilbur,* 147 N. Y. 657 (42 N. E. 341).

1.   The first question of material moment arises upon
the motion for a judgment of nonsuit, and has relation to
the competency of the ineffectual road proceedings, as show-
ing color of title in the public.   The only way in which the
record could serve the plaintiffs is to extend possession con-
structively to the whole, if there has been occupancy of any
part within prescribed boundaries.   User by the general pub-
lic, under a claim of right, adversely, and not by mere per-
mission of the owner, for the period prescribed by the statute
as a limitation beyond which actions for the recovery of real
property cannot be maintained, will establish an easement in
favor of the public.   But the use must be continuous and un-
interrupted, and substantially by way of a certain and well-
defined line of travel, for the entire period : Elliott, Roads
& Sts. (2 ed.), §§ 175, 176; Jones, Easmts., § 458; *State* v.
*Auchard,* 22 Mont. 14 (55 Pac. 361) ; *Shellhouse* v. *State,*
110 Ind. 509 (11 N. E. 484) ; *Manrose* v. *Parker,* 90 Ill.
581 ; *State* v. *Keokuk, etc., R. R. Co.,* 45 Iowa, 139.

2.   It is not material to the present inquiry whether such
an easement is acquired by prescription, which presupposes

an establishment by competent authority, or by dedication, which implies a grant; for it is clear that such an easement may be acquired by adverse user, by whatsoever name the process of establishment may be called. As a general rule, when the highway depends solely for its establishment upon adverse and continuous user by the general public, its width and extent of servitude are measured and determined by the character and extent of the user, for the easement cannot, upon principle or authority, be broader than the user : *Marchand* v. *Town of Maple Grove,* 48 Minn. 271 (51 N. W. 606) ; *Valley Pulp & Paper Co.* v. *West,* 58 Wis. 599 (17 N. W. 554) ; *Bartlett* v. *Beardmore,* 77 Wis. 356 (46 N. W. 494) ; *Scheimer* v. *Price,* 65 Mich. 638 (32 N. W. 873) ; *Western Ry.* v. *Alabama G. T. R. Co.,* 96 Ala. 272 (11 South. 483) ; *Wayne Co. Sav. Bank* v. *Stockwell,* 84 Mich. 586 (22 Am. St. Rep. 708*, 48 N. W. 174). Other conditions, however, may be effective to extend the exterior limits beyond the thread or course of actual travel, as where inclosures may have been permanently maintained by persons affected with reference to the highway, or the use is referable to a survey and plat recognized and adopted by owners of lands over which the way extends, or was under color of ineffectual proceedings to establish a legal road under the statute : *Whitesides* v. *Green,* 13 Utah, 34 (57 Am. St. Rep. 740,† 44 Pac. 1032) ; *Pillsbury* v. *Brown,* 82 Me. 450 (19 Atl. 858, 9 L. R. A. 94‡) ; *Sprague* v. *Waite,* 17 Pick. 309 ;. *Bartlett* v. *Beardmore,* 77 Wis. 356 (46 N. W. 494). Even where the highway is founded solely upon user, its width or extent of servitude is usually a question of fact for the jury. It would seem that it ought not, where the topography of the locality will permit, to be confined exclusively to the beaten track or thread of actual travel, because of the exigency that

*See note, Highways by User — Discontinuance by Nonuser.
†See note of 25 pages, Highways by User.
‡See note, Right of Public to Use Entire Width of Highway.

experience has shown for the passing and repassing of those in the use of it. And circumstances such as that the use has been with reference to natural objects or artificial obstructions, or the character of the way requires improvement, necessitating access to the wayside, are pertinent for the consideration of the jury in determining the question: *Davis* v. *City of Clinton,* 58 Iowa, 389 (10 N. W. 768) ; *Marchand* v. *Town of Maple Grove,* 48 Minn. 271 (51 N. W. 606).

3. It may be conceded, for the purposes of this case, that the irregular and ineffectual proceedings of the county court constituted color of title, so that a claim of right and continuous possession and user for the statutory period would give establishment to the highway for the full width designated in the supposed proceedings. Ordinarily, there must be an entry under, and a claim of right with reference to, the colorable title, in order to set the statute of limitations running. In such a case, actual possession need not be of the whole, but may be of a part only, and it will be extended constructively to the whole, by reason of the definite description contained in the defective or ineffectual muniment. The rule must have like application to public highways, if it has any at all; that is to say, user by the public must have been begun and continued with reference to the supposedly valid proceedings. In such a case, if there was user of a part, within defined limits, as shown by the proceedings, it would amount constructively to an occupation of the whole, and the width of the road, when thus established, would correspond with that designated by the authorities or by the law. From the very nature of things, there must be an entry and a user with reference to the color of title, as otherwise it could not be available for any purpose. Colorable title forms the basis upon which a prescriptive right to the full width of the defined limits is founded. The next step in logical course of establishment is an entry and a user with reference to it, and, when this has been continuous and unin-

terrupted and adverse for the statutory period, then has the right ripened into a valid title in the public. It would be fallacious reasoning, therefore, to indulge a presumption that a road as actually worked and used by the public was within and upon the way as attempted to be located, and thence to conclude that its width must be measured by that designated in the void proceedings. It must be proven that the road as used falls within the colorable title, and, when this is done, the other condition follows; that is, the possession is extended constructively to the entire designated width, or occupancy of a part is then equivalent to an occupancy of the whole. Where the highway as used runs without the exterior lines of that as surveyed and attempted to be located and established by lawful authority, the width must then be determined by the rules hereinbefore ascertained, and the ineffectual proceedings can have no bearing whatever upon the subject. *Marchand* v. *Town of Maple Grove,* 48 Minn. 271 (51 N. W. 606), was a case where a highway, four rods wide, had been lawfully established by competent authority, but at one point along its course, by reason of the marshy character of the soil, the travel had been diverted wholly without the limits of the road as laid, and so continued for a sufficient time to establish an easement by user, and it was held that the width of the road thus acquired should be measured by the use. If such is the rule, where there is a diversion from a road laid by valid proceedings, it must be so by a much stronger reason where the proceedings are invalid, and constitute color of title merely. So that, in order to make the easement or title available for the designated width, the road as used at the point in question must be shown to fall within the limits of the one attempted to be laid, otherwise the easement cannot be broader than the use: *State* v. *Auchard,* 22 Mont. 14 (55 Pac. 361).

4. In this view of the law, the record and files of the county court were not competent, under the evidence subse-

quently developed.   Mr. C. Schutz, the plaintiffs' witness,
who was a surveyor, attempted to relocate the road survey,
but found it utterly impossible to do so.   He says, in effect,
that it was not possible to locate the ground where the line
would run from the field notes, and that "all of his efforts
put the ice house and oil tank outside of the road, according
to his survey."   Nor does the evidence of the defendant help
the plaintiffs' case.   So that there was no testimony before
the jury tending to show that the road as used, and which
traversed the immediate ground occupied by the ice house
and oil tank, was within the exterior limits of the road as at-
tempted to be laid at that point; hence the ineffectual record
was not pertinent or competent, and should not have been
allowed to go to the jury.

The plaintiffs, however, produced evidence tending to
show that there had been an adverse and continuous user by
the public, under claim of right, of a way passing over the
ground occupied by the oil tank for a period of time extend-
ing from 1867 to 1880, and insist that it was competent for
the jury to determine from the nature of the user whether
the highway had been established thereby.   If so established
in 1880, the title thus acquired must be presumed to have con-
tinued up to the time of the accident, unless the contrary is
shown.   There was evidence, upon the other hand, from
which it may reasonably be inferred that the road, as estab-
lished up to 1880, had subsequently been abandoned at the
point referred to by nonuser, caused, perhaps, by the en-
croachment of the Oregon Railway & Navigation Company
in constructing the ice house within and upon the way.   It
was held, in *Grady* v. *Dundon,* 30 Or. 333 (47 Pac. 915),
that uninterrupted obstruction of a county road for more
than ten years bars the right of the public by adverse posses-
sion.   But the way at this point, so far as the evidence tends
to show, was established, if at all, by prescription, that is, by
user under claim of right.   As a way may be obtained and

38 OR.—29.

established by user, it may also be lost to the public by non-user. "Highways may be wholly, and there is no reason to hold they may not be partially, discontinued by nonuser": *Gregory* v. *Knight,* 50 Mich. 61, 64 (14 N. W. 700). And in a later case, the court say: "It has been settled in this state that a highway can be partially discontinued by non-user, and that it stands, as against long possession, no better than any other property": *Coleman* v. *Flint & P. M. R. R. Co.,* 64 Mich. 160, 163 (31 N. W. 47). So it was held in *City of Peoria* v. *Johnston,* 56 Ill. 45, that the public loses its right to a highway where it has abandoned it, and has accepted another instead, for such a length of time, and under such circumstances, as to give it a title to the substituted road. "But," say the court, "independently of this principle, conceding this highway was laid out as claimed by appellant, and conceding there was an intention to dedicate the premises on the southeast of section 4, we are of opinion that the adverse possession of the appellee, open and exclusive as it has been, and the complete nonuser of the easement by the public for more than twenty years, are a sufficient answer to the claim now made by the city." It is said in 3 Kent (11 ed.), marg., p. 448, "that mere nonuser for twenty years affords a presumption of extinguishment, though not a very strong one, in a case unaided by circumstances; but if there has been, in the meantime, some act done by the owner of the land charged with the easement inconsistent with, or adverse to, the right, an extinguishment will be presumed." To the same purpose, see, also, *Beardslee* v. *French,* 7 Conn. 125; *Holt* v. *Sargent,* 15 Gray, 97; *Amsbey* v. *Hinds,* 46 Barb. 622; *Hamilton* v. *State,* 106 Ind. 361 (7 N. E. 9) ; *Simplot* v. *City of Dubuque,* 49 Iowa, 630; *State* v. *Culver,* 65 Mo. 607 (27 Am. Rep. 295) ; *Wayne County Sav. Bank* v. *Stockwell,* 84 Mich. 586 (48 N. W. 174, 22 Am. St. Rep. 708*).

---

*See note, Highways by User and Discontinuance by Nonuser.

It would seem that by reason of the construction of the ice house, which was about the year 1882, and which has probably been maintained in the same position ever since, the thread of travel was diverted from the old highway before reaching the building from the east, and, after passing close by on the south, it again approaches the old way, and comes into it a few rods west; that this obstruction had existed, and this new way had been used, for more than ten years, and at the same time and during all the while there has been a complete nonuser of the old way between the points of divergence. Now, if these are facts established by the proof, the jury would be warranted in finding that there was or had been an abandonment of the old way by nonuser, and an acquirement of a new way, which should be measured, as respects its width, by the rules herein previously ascertained. If, therefore, the construction of the oil tank was without the exterior limits of the newly-acquired highway, then the defendant was not liable, and no recovery of damages could be had. The instructions of the court below, as we understand them, do not proceed under this view of the law, but, rather, upon the idea that the adverse occupancy extends no further than the space covered by the ice house, and that the construction of the tank within the limits of the old way, although not within those of the new, would constitute an obstruction for which it would be liable if injury ensued on account of it. These considerations render it necessary that the judgment of the court below should be reversed, and a new trial ordered.                                REVERSED.