# DISTRICT OF COLUMBIA *v.* JONES.

---

WILLS; LIFE TENANT; EMINENT DOMAIN; HIGHWAYS; MUNICIPAL CORPORATIONS.

1. Under a devise to a testator's wife for life of all of his property, "she to have whatever of the said property that may be necessary for

her support, and after her death all the property and effects which she shall leave shall be the property of my adopted daughter," the wife has the power to exhaust the entire estate for her support, and the adopted daughter will take only what may be left.

2. Proceedings for the condemnation of land for alley purposes are *in rem*, and not *in personam*, and after the lapse of more than fifty years years after condemnation, it will be presumed, in the absence of evidence to the contrary, that notice was given to the parties interested.

3. Where there is evidence that a street or highway was originally established under the power of eminent domain, and opened to and used by the public for a time beyond which a possessory action to recover land may not be brought, the presumption is that the street or highway was originally established by proper authority and in accordance with law.

4. Where a proceeding for the condemnation of land for alley purposes, taken more than fifty years ago, showed the assessment of damages and payment of the amount awarded to a named individual, and it is shown in an action against the municipality to recover the land that such individual was dead at the time of such alleged payment, but it appears that his widow was his sole devisee, and that his will had been probated, it will be presumed that the payment was made to and received by her as a satisfactory adjustment of the matter.   Under such circumstances the burden is not upon the defendant to show that the payment was made to the person entitled to receive it.

5. It will be presumed that proceedings to condemn land for alley purposes, taken more than fifty years ago, since which time the land has been used and occupied as a public alley, were regular.

No. 2383.   Submitted April 1, 1912.   Decided April 22, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the Court in an action of ejectment.   *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment in the supreme court of the District upon a directed verdict for the plaintiffs, Solomon Jones, Rachael J. Burke, Madison Jones, Abraham L. Jones,

Henry A. Jones, in an action of ejectment, and involves part of a public alley running from Eleventh street to Twelfth street, N. W., in square 315, between Massachusetts avenue and M street in this city, the particular part involved being the north 10 feet and the rear 5 feet of original lot 8.

The material facts are substantially as follows: Plaintiffs' predecessor in title, Philip Jackson, died in 1846, leaving a will disposing of his property as follows: "I give and bequeath to my dear wife all my property real and personal during her lifetime only. *She to use whatever of the said property that may be necessary for her support, and after her decease all the property and effects which she shall leave* shall be the property of my adopted daughter, Delila Ann Paine, during her lifetime, and at her decease to be divided equally amongst her legitimate children. In the event of the decease of the said Delila without lawful heirs, then all the property hereby bequeathed shall go to my grandson, George Ringold, son of my daughter Mary." This will was admitted to probate June 9, 1848, and again on May 5, 1910. The date of the death of the testator's widow does not definitely appear. It does appear, however, from the plaintiffs' evidence, that after the death of the widow the adopted daughter, Delila, married Alfred Jones, and that this marriage occurred sometime in the sixties. Plaintiffs are the surviving children of that marriage.

There is no evidence in the record as to the value of the estate left by said Philip Jackson, nor is there any evidence that, at the death of his widow, anything remained other than the supposed interest in that part of said public alley involved in this suit.

Plaintiffs introduced in evidence a "copy of award from surveyor's office for alley square 315," for the declared purpose of showing the invalidity of the condemnation proceedings of which said award was a part. The material part of this award is as follows: "We, the subscribers, citizens of Washington, in the District of Columbia, whose property is in no wise affected by the opening of a new alley in square 315 in the city of Washington, having been summoned, sworn, and impaneled by the

marshal of the District of Columbia in virtue of an act to authorize the opening of an alley in square No. 315, passed by the board of aldermen and board of common councils of the city of Washington, and approved by the mayor thereof on the 3d day of November, 1854. All upon our oaths find and certify that the amount of damages which will accrue by opening the said alley in the said square No. 315, which alley by certificate of the surveyor of said city is laid out as follows: *By taking a strip from original lot No. 8, 1,269 7/8 square feet;* from original lots Nos. 9 and 10 each, 300 square feet, and from original lots No. 11, 5 square feet, also from subdivision of lot No. 4, $514\frac{1}{3}$ square feet, and from subdivision of lots Nos. 5, 6, 7, 8, 9, and 10 each, 125 square feet, containing in all 39 square feet, $2\frac{1}{2}$ inches." Here follows the award on account of other land taken. This award was signed and sealed by the jury on the 12th day of January, 1855, and on the same day the marshal certified "that the above is the verdict of the jury summoned, sworn and impaneled in virtue of the act of the corporation of the city of Washington mentioned in said verdict." Plaintiff further introduced the record of an assessment made to reimburse the second ward for the expense of grading and paving said alley, from which it appears that there was assessed on account of lot 8 the sum of $18.50. Plaintiff further introduced copy of proceedings for the levy of special tax upon the individuals whose property would be benefited by the opening of said alley. These proceedings were dated March 20, 1855. There was assessed against "lot 8 original, $70.81," and under the assessment against the various lots affected is a computation showing a balance of $205.40, followed by the notation: "Dec. 10' Pd. P. Jackson $205 40/100." A map showing the location of the alley follows.

It is in evidence that the Jackson home, in which the widow apparently continued to reside after the death of her husband, was located on the west side of Eleventh street and close to this alley. It further appears that the alley, after being paved as indicated, was opened to the public, and has since been used as a public alley, and cared for by the District authorities.

There is no evidence of any protest ever having been made against such use.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. Wm. Henry White,* Assistant, for the appellant.

*Mr. Mason N. Richardson, Mr. John Ridout,* and *Mr. Wm. L. Pollard* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

It is apparent from a reading of the will of Philip Jackson that power was thereby granted to the wife to exhaust, if necessary, the entire estate, both real and personal, for her support. The adopted daughter was to take only what should be left. When, therefore, these condemnation proceedings were had, the surviving wife was in complete control of the *locus in quo,* and entitled to the award of damages. If, at her decease, any part of that award remained, it passed under the terms of the will.

The proceedings for the condemnation of this alley were had more than half a century ago, and the alley, for a like period of time, has, without interruption, been occupied and used as a public alley. The claim of the plaintiffs is based upon the supposition that, Peter Jackson being dead at the time these condemnation proceedings were had, provision for the payment of damages in his name cannot be said to have been a payment to the true owner, and hence, it is argued, the proceedings were fatally defective; in other words, the contention is that the land in question was taken without due process of law. It must be borne in mind that these proceedings were proceedings *in rem,* and not *in personam.* The damages assessed were on account of the land condemned, and, after the lapse of such a long period of time, it must be presumed, in the absence of evidence to the contrary, that notice was given to the parties interested. The record shows affirmatively that damages were assessed and paid. We are asked to presume that, because of the notation—apparently in the form of a memorandum—that these damages

were paid "P. Jackson," they were paid to some person other
than the one entitled to receive them. The jury of award
found that *"lot no. 8* will sustain damages to amount of $341.-
40." The above notation of the payment of the balance due
on account of the taking of part of said lot 8 to "P. Jackson,"
in the absence of further evidence, P. Jackson being dead at
the time, his will having been probated, his wife then living
near the premises, and entitled to receive payment, not only
warrants, but compels, the presumption that payment was made
to her, and accepted by her as a satisfactory adjustment.

The plaintiffs apparently proceeded upon the theory that the
burden was upon the defendant to show that this payment was
made to the party entitled to receive it. The rule is to the
contrary. *Knox County* v. *Ninth Nat. Bank,* 147 U. S. 91–97,
37 L. ed. 93–95, 13 Sup. Ct. Rep. 267; *Nofire* v. *United States,*
164 U. S. 657–660, 41 L. ed. 588–590, 17 Sup. Ct. Rep. 212;
*Guthrie Nat. Bank* v. *Guthrie,* 173 U. S. 528, 43 L. ed. 796, 19
Sup. Ct. Rep. 513. Where there is evidence, as here, that a
street or highway was originally established under the power
of eminent domain, and opened to and used by the public for
a time beyond which a possessory action to recover land may
not be brought, the presumption undoubtedly is that the street
or highway was originally established by proper authority, and
in accordance with law. *Pillsbury* v. *Brown,* 82 Me. 453, 9
L.R.A. 94, 19 Atl. 858; *Thomas* v. *Ford,* 63 Md. 346, 52 Am.
Rep. 513; *Blossom* v. *Cannon,* 14 Mass. 177; *Langdon* v. *State,*
23 Neb. 509, 37 N. W. 79. In *Nealy* v. *Brown,* 6 Ill. 12, the
court, in considering the act of the county commissioners in
establishing the highway in question, said: "The county com-
missioners are vested with exclusive jurisdiction over all mat-
ters in relation to roads in their respective counties, and we
are satisfied that sound policy and the public good require that
we should presume that the antecedent proceedings had been
regular, subject, however, to be rebutted by the other party."

There being no evidence in this record which would over-
come the presumption of the regularity of the proceedings for
the condemnation of the *locus in quo,* and warrant a finding

for the plaintiff, the verdict should have been directed for the defendant. Judgment will therefore be reversed, and the cause remanded for further proceedings. *Reversed and remanded.*