Argued and submitted April 11, affirmed in part;
reversed in part June 23, reconsideration denied July 31,
petition for review denied October 14, 1980 (289 Or 741)

LAUDAHL, et ux,
*Respondents,*
*v.*
POLK COUNTY,
*Appellant.*

(No. 25291, CA 14924)

613 P2d 92

Dennis McCaffrey, Polk County Legal Counsel, Dallas, argued the cause and filed the brief for appellant.

Kenneth E. Shetterly, Dallas, argued the cause for respondents. With him on the brief was Hayter, Shetterly and Weiser, Dallas.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

Plaintiffs brought this action at law, asking just compensation for that portion of their property which they claimed had been incorporated into a county road, the center line of which they argued formed a boundary of their property. Plaintiffs contended that the road was 40 feet wide and that defendant had never properly acquired that portion of the road which plaintiffs claimed as a part of their property. Defendant answered that it had acquired all of the disputed area by prescription and claimed a right of way 60 feet wide or 30 feet from the center line.

The trial court ruled that defendant had acquired a prescriptive easement over that portion of plaintiffs' property which lay within an eight-foot wide strip, measured north from the road's center line (that being one-half of the main traveled portion of the road) in areas where no ditches adjoined the road, and over that portion of the plaintiffs' property which lay between the center line of the road and the far edge of the ditches where ditches were in existence. The court then determined the amount of land lying between the area acquired by prescription and a fence bounding most of the road or a point 20 feet from the center line, whichever was closer, and, using market value, set a price for which the defendant could acquire the remaining property within 30 days, after which time its claim in the additional property would cease.

The court further awarded plaintiffs attorney fees in the amount of $1,500.

Defendant appeals, disputing the width of the road acquired by prescription as set by the trial court and contending the court erred in awarding attorney fees.

Defendant's first contention is that the trial court should have set the width of the road at 60 feet because this was the statutory minimum width of public roads between 1872 and 1931, during which period defendant claimed prescription was perfected.

If defendant is correct in this argument, the prescriptive road would extend 30 feet from the center line and more than encompass the 20 feet which plaintiffs contended had been taken without just compensation; under this theory no part of the property would have to be paid for by defendant.

In support of its theory, defendant relies upon the following language from *Huggett et ux. v. Moran et ux.,* 201 Or 105, 266 P2d 692 (1954):

> "Whenever a statute prescribes the minimum width of public roads to be established in the future, and a public road is established by prescription, the width thereof is the minimum necessary to the establishment of a legal road in the absence of evidence of the taking of a greater amount. * * *" 201 Or at 112.

*Huggett* was a suit for rescission of a contract for the sale of real property, the basis for the rescission being plaintiffs' contention that defendant had falsely asserted that a road leading to the property was a county road. Defendant asserted that the road had become a county road by prescription. Prior to deciding whether the road had been acquired through prescription, the Supreme Court set forth a number of rules about the acquiring of private property for public roads. The above-quoted language was the last of those rules. In fact, there is no indication that the width of the road was at issue. The only question in *Huggett* was whether the subject road had been acquired by the county through prescription, responsibility for the road and not its location being the apparent issue. The quoted language is, therefore, dicta.

The *Huggett* opinion makes no mention of *Bayard v. Standard Oil Co.,* 38 Or 438, 63 P 614 (1901), and *Sweet et al v. Irrigation Canal Co.,* 198 Or 166, 254 P2d 700, 256 P2d 252 (1953), the two cases relied upon by the trial court in setting the width of the road acquired by prescription in this case.

In *Sweet,* the Supreme Court quoted with approval from *Bayard* as follows:

" '* * * As a general rule, when the highway depends solely for its establishment upon adverse and continuous user by the general public, its width and extent of servitude are measured and determined by the character and extent of the user, for the easement cannot, upon principle or authority, be broader than the user [citing authorities]. Other conditions, however, may be effective to extend the exterior limits beyond the thread or course of actual travel, as where inclosures may have been permanently maintained by persons affected with reference to the highway, or the use is referable to a survey and plat recognized and adopted by owners of lands over which the way extends, or was under color of ineffectual proceedings to establish a legal road under the statute: *Whitesides v. Green,* 13 Utah, 341 (57 Am. St. Rep. 740, 44 Pac. 1032); *Pillsbury v. Brown,* 82 Me. 450 (19 Atl. 858, 9 L.R.A. 94); *Sprague v. Waite,* 17 Pick. Mass. 309; *Bartlett v. Beardmore,* 77 Wis. 356 (46 N. W. 494). Even where the highway is founded solely upon user, its width or extent of servitude is usually a question of fact for the jury. It would seem that it ought not, where the topography of the locality will permit, to be confined exclusively to the beaten track or thread of actual travel, because of the exigency that experience has shown for the passing and repassing of those in the use of it.' 38 Or 446, 447." 198 Or at 186.

The court went on to say that fences and monuments marking the boundaries of adjoining properties and the usual width of highways in the locality were factors to be considered in determining the width of a road acquired through prescription. The court then found the boundaries of the road by reference to deeds, a fence, the usual width of county roads, and jurisdiction previously asserted by the county over the road.

Defendant asserts that we are bound by *Huggett* to find that the road is 60 feet wide. We disagree. In light of the fact that the *Huggett* language was dicta, we

[769]

follow the rule of *Sweet,* which makes the width of the road a question of fact for the trier of fact.[1]

Defendant further contends that, even if the width of the road is not to be determined by the statutory minimum, as a matter of law under *Sweet* the court was required to determine the width of the road by the fences bordering it and by the usual width of roads in the locality. This is an incorrect reading of *Sweet.* Location of fences and usual width were among the factors considered in that case to determine the nature and extent of user. Nothing in the case limits the trier of fact to consideration of these factors.

The trial court's letter opinion indicates that evidence about the area actually traveled upon, as well as the location of shoulders, ditches and fences, was considered. The trial court obviously concluded that the evidence as to the character and extent of the user did not justify a determination that the road obtained by prescription extended to the fence.[2]

In reviewing an action at law tried to the court without a jury, our scope of review is limited to the issue of whether there is any substantial evidence to support the trial court's findings. *White v. Bello,* 276 Or 931, 556 P2d 1362 (1976). The trial court's finding as to the width of the road is supported by the evidence, and we cannot substitute our judgment.

Finally, defendant contends that the trial court erred in granting attorney fees to plaintiffs because

---

[1] This is the same conclusion reached by the attorney general at 33 Op Att'y Gen 231 (Or 1966-68). Noting that *Huggett* involved private parties and did not have the county as a party; that the case did not distinguish *Sweet et al v. Irrigation Canal Co., supra,* and *Bayard v. Standard Oil Co., supra;* and that the principle enunciated in *Huggett* was dicta, the attorney general concluded that "any determination of the width of public roads established by prescription must depend upon the specific facts surrounding the public road being considered." 33 Op Att'y Gen at 232.

[2] There There is no fence in front of plaintiffs' yard. Plaintiffs maintain a lawn which extends to within about ten feet of the center line of the road.

plaintiffs did not prevail as required by ORS 20.085 which provides:

> "In a proceeding brought under section 18, Article I or section 4, article XI, of the Oregon Constitution by an owner of property or by a person claiming an interest in property, if the owner or other person prevails, he shall be entitled to costs and disbursements and reasonable attorney fees."

Defendant argues that since it was not required to purchase the land not acquired by prescription, plaintiff did not prevail. We agree.

Plaintiffs brought this action seeking compensation for a strip of land 20 feet wide measured from the center line of a road, which they alleged had been appropriated without payment. Defendant asserted that it had acquired the entire amount, plus an additional 10 feet, by prescription. While the trial court found that the county had acquired a part of the land by prescription for which it was not required to pay compensation, it required that the county either pay for or give up the additional land needed to make up the 20 foot width from the center line of the road. The latter provision is gratuitous on the part of the court, for the only question before it was whether there had, in fact, been an inverse condemnation. There had not been. Plaintiffs have all their land except that acquired by the county by prescription and, in order for the county to acquire any more of plaintiffs' land, it must use the proper condemnation procedure. Thus plaintiffs have not prevailed and we reverse the award of attorney fees.

Affirmed in part; reversed in part.